*426 OPINION OF THE COURT
Chief Judge Kaye.
The consolidated CPLR article 78 proceedings before us present an open question: does the New York City Civil Service Commission have jurisdiction to hear and decide appeals by uniformed police officers disciplined pursuant to section 14-115 of the Administrative Code of the City of New York? Because the Civil Service Law explicitly limits the Commission’s jurisdiction to appeals from discipline imposed pursuant to Civil Service Law § 75, and because punishment imposed by the New York City Police Commissioner pursuant to section 14-115 does not fall within that provision, we answer this question in the negative.
In January 1992, the New York City Police Department directed Officer Peter Montella to submit to a random drug test. The test revealed trace amounts of Benzoylecgonine, a cocaine metabolite. Montella was charged with violating police regulations by wrongfully possessing and ingesting a controlled substance, and was suspended from the force. At his Departmental hearing, Montella did not dispute the positive test result, but argued that he unknowingly and unintentionally *427 ingested cocaine by smoking tainted cigarettes that had been left unattended at a party in his home. Witnesses testifying on Montella’s behalf included the houseguest who admitted having left the cocaine-laced cigarettes on Montella’s table, as well as his friends, co-workers, a polygraph expert and a forensic toxicologist. The Deputy Commissioner of Trials found Montella guilty and recommended dismissal. The Police Commissioner adopted those findings and “pursuant to the powers vested [in him] by Section 14-115 of the Administrative Code of the City of New York” dismissed Montella from the force.
Montella challenged the Police Commissioner’s dismissal in an article 78 proceeding, alleging that the determinations were not supported by substantial evidence. Concluding that the Trial Commissioner disregarded the favorable results of Montella’s polygraph tests, and that other evidence had not been properly considered, the Appellate Division ordered a new hearing (202 AD2d 241).
After a second hearing, Montella was again found guilty and dismissed by the Police Commissioner pursuant to section 14-115 of the Administrative Code. This time, instead of challenging his dismissal by article 78 proceeding Montella appealed to the Civil Service Commission, seeking reversal of the Commissioner’s determination and reinstatement to the force. Without questioning the Civil Service Commission’s jurisdiction, the Police Department participated in the appeal. After reviewing the record de novo, the Civil Service Commission reversed Montella’s dismissal and ordered his reinstatement. The Commission concluded that there was no evidence of knowing wrongfulness and “that the Trial Commissioner erred by failing to give due and proper consideration to the record of the proceedings as a whole.”
The Police Department then requested that the Commission withdraw its determination because it lacked subject matter jurisdiction to hear appeals from discipline imposed pursuant to the Administrative Code. The Commission denied the application, noting that the Legislature intended Civil Service Law § 76 to provide “alternative appeal routes for disciplined civil service employees, regardless of their position * * * [and that] in the absence of explicit language precluding appeal by Police Officers” it had authority to review Departmental discipline.
The Police Department nonetheless refused to reinstate Montella. In April 1996, Montella commenced the first of the two *428 article 78 proceedings now before us, alleging that the Police Department improperly disregarded the Commission’s determination and seeking reinstatement. The Police Department and Police Commissioner instituted the second article 78 proceeding before us, requesting that the Civil Service Commission’s determination be annulled and that Montella’s dismissal be reinstated on the ground that the Civil Service Commission lacked subject matter jurisdiction to entertain Montella’s appeal.
Supreme Court consolidated the proceedings and concluded that the Civil Service Commission had jurisdiction to hear the appeal. The court held that it was “clear that the charges against Montella and the penalty of termination imposed by the police commissioner were not based upon the provisions of Civil Service Law § 75. However, under New York City Charter § 812 (d), the Civil Service Commission has the overall authority to determine appeals by ‘any person aggrieved by any action or determination of the personnel director.’ ”[1] The Appellate Division affirmed on different grounds, concluding that because the Administrative Code does not contain a provision concerning appeals of disciplinary determinations, section 14-115 is simply a “local law administering Civil Service Law § 75” (248 AD2d 134, 136). Thus, the court held that the Civil Service Law “affords officers the option of either article 78 review or an appeal to the City Civil Service Commission”[2] (id., at 137). We now reverse.
Analysis
The New York City Civil Service Commission is authorized to hear and decide appeals by persons aggrieved by certain actions or determinations of the Commissioner of Citywide Administrative Services and persons “aggrieved by a penalty or punishment * * * imposed pursuant to the provisions of section seventy-five” of the Civil Service Law (Civil Service Law § 76 [1]; NY City Charter § 813 [d]; see also, Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 442). The *429 Police Commissioner dismissed Montella pursuant to Administrative Code of the City of New York § 14-115. The Appellate Division held, however, that section 14-115 is “no more than a local law administering Civil Service Law § 75,” and as such Commission review was authorized (248 AD2d, at 136, supra).
That conclusion is flawed for two reasons. First, it ignores the comprehensive nature of the disciplinary provisions of the New York City Charter and Administrative Code. Second, it overlooks the explicit provisions of the Civil Service Law, which acknowledge that the Police Commissioner disciplines uniformed officers pursuant to the Code and not the Civil Service Law.
City Disciplinary Provisions
As chief executive officer of the police force, the New York City Police Commissioner is vested with “cognizance and control” over the discipline of uniformed officers (NY City Charter § 434 [a]). New York City Administrative Code § 14-115 (a) broadly empowers the Commissioner to “punish” members of the force for a wide range of infractions, including “any criminal offense, or neglect of duty, violation of rules, or neglect or disobedience of orders, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct or conduct unbecoming an officer, or any breach of discipline.” The Commissioner is authorized to discipline officers “by reprimand, forfeiting and withholding pay for a specified time, suspension, without pay during such suspension, or by dismissal from the force” (id.).
To protect officers’ rights and prevent abuse, the Administrative Code outlines procedures that must be followed in connection with imposing punishment and appealing the Commissioner’s determinations. Police officers, for example, can only be disciplined “on written charges * * * after such charges have been examined, heard and investigated by the commissioner or one of his or her deputies upon such reasonable notice to the member or members charged” (Administrative Code of City of NY § 14-115 [b]; see also, Matter of Foley v Bratton, 92 NY2d 781, 787).
Significantly, Administrative Code § 14-116 (“Limitations of suits”) authorizes an article 78 proceeding “to procure the restoration or reinstatement to the force or department of any member or officer thereof, if such proceeding be instituted within four months after the decision or order sought to be *430 reviewed” (Administrative Code of City of NY § 14-116 [b]).[3] This “limitation” demonstrates legislative intent that the Police Commissioner’s disciplinary determinations be accorded “substantial deference ‘because he * * * is accountable to the public for the integrity of the Department’ ” (Trotta v Ward, 77 NY2d 827, 828 [quoting Matter of Berenhaus v Ward, 70 NY2d 436, 445]).
These provisions in the Charter and Code make clear that the Legislature determined to “leave the disciplining of police officers, including the right to determine guilt or innocence of breach of disciplinary rules and the penalty to be imposed upon conviction, to the discretion of the Police Commissioner, subject, of course, to review by the courts pursuant to CPLR article 78” (Matter of City of New York v MacDonald, 201 AD2d 258, 259, lv denied 83 NY2d 759). We recognized as much in Matter of Scornavacca v Leary (38 NY2d 583, 585), where we held that the New York City Police Commissioner’s power to discipline members of the force is governed by the Administrative Code, “not by section 75 of the Civil Service Law.”
Civil Service Law
The Civil Service Law further evidences the Legislature’s intention that New York City police officers be disciplined pursuant to the Administrative Code, not Civil Service Law § 75. Civil Service Law § 75 (3) (“Suspension pending determination of charges; penalties”) provides that pending
“the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days. If such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service.”
*431 Because this provision did not apply to uniformed members of the New York City police force, the Legislature enacted Civil Service Law § 75 (3-a), a special law designed “to bring the disciplinary measures of the New York City Police Department in line with the disciplinary measures” of other civil servants and officers not subject to discipline pursuant to the Administrative Code (Assembly Sponsor’s Letter to Governor’s Counsel, July 10, 1990, Bill Jacket, L 1990, ch 753).
Civil Service Law § 75 (3-a) (“Suspension pending determination of charges and penalties relating to police officers of the police department of the city of New York”), mirrors subdivision (3) with respect to suspension pending determination of charges.[4] The “penalties” portion of subdivision (3-a), however, states that if “such officer is found guilty of the charges, the police commissioner of such department may punish the police officer pursuant to the provisions of sections 14-115 and 14-123 of the administrative code of the city of New York” (emphasis added), thereby acknowledging that members of the City police force are punished pursuant to a statutory scheme separate and distinct from Civil Service Law § 75.
Moreover, Civil Service Law § 76 (4) provides that nothing “contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special or local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any civil division.” Allowing Montella to seek reinstatement by way of appeal to the Civil Service Commission would circumvent the “limitation of suit” provision contained in the Code, which establishes article 78 review as the procedure for obtaining “restoration or reinstatement to the force.” Indeed, permitting an appeal to the Civil Service Commission and allowing de novo review of disciplinary determinations would undercut the Police Commissioner’s power to remove or suspend officers pursuant to the Charter and Code.
Finally, the Appellate Division’s determination that the Administrative Code was intended to administer “penalty or punishment” consistent with Civil Service Law § 75 ignores the fact that the disciplinary provisions of the Code predated *432 the applicable Civil Service Law provisions. Obviously, Administrative Code § 14-115 could not have been enacted to implement the subsequently amended Civil Service Law. In fact, the limiting language of Civil Service Law § 76 (4), which explicitly provides that Civil Service Law §§75 and 76 do not modify laws relating to the removal or suspension of officers, evidences that the Legislature did not intend to supplant the long-established disciplinary provisions of the Administrative Code.
Montella was disciplined pursuant to section 14-115 of the Administrative Code, not Civil Service Law § 75. The Civil Service Commission was not authorized to hear his appeal and its determination is therefore void (see, Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [a “judgment or order issued without subject matter jurisdiction is void, and that defect may be raised at any time and may not be waived”]). Montella’s remaining arguments are without merit.
Accordingly, the judgment of Supreme Court appealed from and order of the Appellate Division brought up for review should be reversed, with costs, the petition of Peter Montella dismissed, the petition of Howard Safir granted and the decision of the New York City Civil Service Commission dated January 29, 1996 vacated.
Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Judgment of Supreme Court appealed from and order of the Appellate Division brought up for review reversed, etc.

. New York City Charter former § 812 (d), in effect at the time these proceedings were commenced and subsequently renumbered as section 813 (d), authorized appeal to the Commission by any person aggrieved by a determination of the New York City Personnel Director, who had the same relevant powers and duties as the current Commissioner of Citywide Administrative Services. Montella does not argue on this appeal that he has been aggrieved by a determination of the former Personnel Director.

. Following the Appellate Division’s decision, Supreme Court rendered an amended judgment reinstating Montella and awarding back pay.

. Additionally, within one year of dismissal or reduction in rank, an aggrieved officer can make a written application to the Mayor “setting forth the reasons for demanding [a] rehearing” and the Police Commissioner may “rehear the charges upon which a member * * * of the uniformed force has been dismissed” (Administrative Code of City of NY § 14-125 [a]).

. Subdivision (3-a) provides that pending “the hearing and determination of charges of incompetency or misconduct, a police officer employed by the police department of the city of New York may be suspended without pay for a period not exceeding thirty days.”