(August 23, 2001)

■ In the Matter of ARTHUR K. UMLAUF, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, Respondent. [730 NYS2d 218] —Judgment, Supreme Court, New York County (William Davis, J.), entered February 3, 2000, which denied petitioner's application and dismissed the petition seeking to annul respondent's determination dismissing petitioner without a hearing, unanimously reversed, on the law, without costs, the petition reinstated and granted to the extent of annulling respondent's determination terminating petitioner, reinstating him and granting him hearings pursuant to Civil Service Law § 50 (4) and on the name-clearing issue.

We find, contrary to respondent's assertions, that petitioner was terminated for his pre-hiring conduct and that it was error for respondent to do so. In such circumstances, authority is statutorily vested in the head of the New York City Depart-

ment of Citywide Administrative Services, who is required to provide a written explanation of the reasons for termination and to afford the terminated employee an opportunity to submit an explanation and facts in opposition (*see,* Civil Service Law § 50 [4]; *Borges v McGuire,* 107 AD2d 492, 499). Consequently, respondent's determination must be annulled and the judgment upholding it must be reversed (*see, Matter of Montella v Bratton,* 93 NY2d 424, 432). Furthermore, petitioner is entitled to a name-clearing hearing inasmuch as he has sufficiently raised the issues of the partial falsity and overall characterization of information included in his personnel file, the dissemination of such information, both past and future, as well as the presence of "stigma plus"—in this case governmental defamatory action in conjunction with loss of employment (*Matter of Swinton v Safir,* 93 NY2d 758, 763-767). Concur—Sullivan, P. J., Williams, Andrias, Rubin and Friedman, JJ.