[769 NYS2d 260]

# In the Matter of Thomas Von Essen, as Commissioner of the New York City Fire Department, et al., Appellants, v New York City Civil Service Commission et al., Respondents.

First Department, December 23, 2003

### APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Julie Steiner* and *Barry P. Schwartz* of counsel), for appellants.

*Robert Joel,* respondent pro se.

*Sullivan Papain Block McGrath & Cannavo P.C. (Michael N. Block, Stephen C. Glasser* and *Stewart G. Milch* of counsel), for Uniformed Firefighters Association, amicus curiae.

### OPINION OF THE COURT

ANDRIAS, J.P.

The question presented is whether a New York City firefighter who has been disciplined by the New York City Fire Commissioner pursuant to Administrative Code of the City of New York § 15-113 has the option of appealing from the Commissioner's determination by application to the New York City Civil Service Commission pursuant to Civil Service Law § 76 (1) or by application to the courts pursuant to the provisions of CPLR article 78. Because Civil Service Law § 76 (1) explicitly limits appeals pursuant to that section to penalties imposed pursuant to Civil Service Law § 75, we find that a firefighter is limited, in seeking judicial review of any punishment imposed pursuant to section 15-113, to the remedies provided by article 78.

On April 4, 1997, respondent Robert Joel, a 14-year-veteran firefighter 1st grade, was arrested and charged with twice calling in false alarms to 911 on February 2, 1996 from a pay phone in his firehouse. This was supposedly done at the request of another firefighter who wanted to falsely claim that he was injured while on duty.

On July 17, 1997, Joel pleaded guilty, in Criminal Court, to the crime of falsely reporting an incident in the second degree in violation of Penal Law § 240.55, which was then a class A misdemeanor. After pleading guilty, Joel was suspended from his employment and the same day the Fire Department charged Joel with six violations of its Regulations for the Uniformed Force.

The Fire Department subsequently referred Joel's disciplinary proceeding to the City's Office of Administrative Trials and Hearings (OATH), and on August 25, 1997, a hearing was held before Administrative Law Judge Rosemarie Maldonado. Joel did not testify at the hearing, but instead pleaded guilty to four of the charges, with the remaining two charges withdrawn by the Fire Department without prejudice. In mitigation, Joel sought leniency based on his cooperation with the Department of Investigation and the Queens County District Attorney's office in naming other individuals involved in similar conduct.

In recommending Joel's dismissal from the Fire Department, Judge Maldonado held, in pertinent part:

> "Section 15-113 of the N.Y. City Administrative Code establishes limited penalty options for firefighters: reprimand, loss of ten days pay, or dismissal from the force. For the misconduct committed by respondent, I find the sanction of reprimand and loss of 10 days pay to be too minimal. Accordingly, despite respondent's fourteen year tenure with the Department, no prior disciplinary record, and efforts to cooperate with subsequent investigations, I recommend termination."

In his decision dated October 27, 1997, the Fire Commissioner concurred with Judge Maldonado's findings of fact and guilt and, in light of Joel's reprehensible conduct and the magnitude of the charges, he terminated Joel from his position in the Fire Department.

On November 6, 1997, Joel appealed to the New York City Civil Service Commission from that decision. However, before the Commission heard Joel's appeal, the Court of Appeals decided *Matter of Montella v Bratton* (93 NY2d 424 [1999]), in which it held that the Civil Service Commission lacks subject matter jurisdiction over appeals of disciplinary determinations made pursuant to Administrative Code § 14-115 (a) by the Commissioner of the New York City Police Department. As a result, at the initial hearing in this matter, on November 4, 1999, the Civil Service Commission directed the parties to submit briefs addressing the significance of the *Montella* decision and, on June 29, 2000, the Commission heard oral argument.

The Fire Department asserted that the Civil Service Commission did not have subject matter jurisdiction, because the Fire Commissioner's disciplinary powers are derived solely from Administrative Code § 15-113, and that *Montella* applied to this

case and similarly precluded review by the Civil Service Commission since disciplinary rulings of the Fire Commissioner, like those of the Police Commissioner, are not imposed pursuant to Civil Service Law § 75.

Joel, who was represented by counsel, argued that the ruling in *Montella* established a narrow exception to the Commission's authority to hear appeals, which exception was made in light of Civil Service Law § 75 (3-a), which states that if a police officer is found guilty of any charges, the Police Commissioner may punish the officer pursuant to Administrative Code §§ 14-115 and 14-123. Joel pointed out that *Montella* interpreted this statute to mean that punishment of police officers excludes penalties provided for in the Civil Service Law. Thus, Joel argued, *Montella* is distinguishable from this case because there is no parallel section in the Civil Service Law identifying the authority for the Fire Commissioner, so that firefighters are therefore entitled to appeal to the Civil Service Commission. He also asserted that applying to the Fire Department appellate limitations specific to the Police Department would limit the Civil Service Commission's power and deprive civil servants of their full appeal rights under the Civil Service Law.

By decision dated November 2, 2000, the Civil Service Commission determined that the statutory provisions that govern the disciplining of members of the Police Department differ significantly from those pertaining to firefighters, that *Montella* was not controlling, and that, pursuant to Civil Service Law § 76 (1), the Civil Service Commission had subject matter jurisdiction over Joel's appeal. In so ruling, the Commission found, in pertinent part:

> "[T]hat the imperatives at work in controlling and enforcing discipline within a law enforcement unit like the Police Department carry special considerations which the legislature has made clear through its promulgation of CSL § 75 [(3-a)]. Because no such statute exists for other agencies that have disciplinary schemes under the Administrative Code, we conclude that the *Montella* decision must be narrowly construed to refer specifically to the Police Department. This is also a reasonable interpretation under considerations of judicial economy. Any other reading would eliminate the administrative review process as an avenue of appeal for numerous agencies and instead force the courts to address

these cases, thereby taxing limited judicial resources."

This article 78 proceeding ensued in which petitioners, the Fire Commissioner and the Fire Department, seek an order annulling the Civil Service Commission's determination. The IAS court granted the Uniformed Firefighters Association (UFA) permission to submit an amicus curiae brief in support of the jurisdiction of the Civil Service Commission. UFA had advised the court that the Civil Service Commission and Joel lacked resources to retain counsel, and that it was imperative that it submit an amicus curiae brief since that might be the only opposition to the Fire Department's petition.

In denying the Fire Department's petition and dismissing this proceeding, the IAS court held that *Montella* "relied heavily" on section 75 (3-a) of the Civil Service Law, which provides that police officers may be disciplined pursuant to the Administrative Code, and Administrative Code § 14-116, which limits a police officer's appeal to a proceeding pursuant to CPLR article 78. It held that *Montella* did "not dictate the outcome of this action" since that decision was based for the most part on Civil Service Law § 76 (4), the savings clause, which, as the court noted, provides that "the relevant provisions of the Civil Service Law [§§ 75, 76] are not intended to override already existing laws regarding the discipline of civil servants." However, the court found that, because there is no provision similar to section 75 (3-a) for members of the Fire Department and the Administrative Code does not expressly limit a firefighter's appeal to an article 78 proceeding, "it must be assumed that the Legislature did not intend to exclude firefighters from the provisions of Civil Service Law sections 75 & 76." It thus concluded that the Administrative Code's lack of a specific provision regarding "an alternative avenue of appeal for a member of the Fire Department" meant that the "most specific provision on the subject," found in Civil Service Law § 76 (1), controlled.

In appealing from the IAS court's confirmation of the Civil Service Commission's determination, petitioners are represented by the Corporation Counsel; inexplicably, no brief has been filed in this Court on behalf of the Civil Service Commission; the UFA, as it did below, is appearing as amicus curiae; and Mr. Joel, who was represented by counsel before the Civil Service Commission but did not appear below, has filed a brief and argued pro se in support of the Civil Service Commission's decision.

Petitioners argue that Joel was disciplined solely pursuant to Administrative Code § 15-113, and that the IAS court's conclusion that the Civil Service Commission had jurisdiction to hear the appeal violated the directives of Civil Service Law § 76 (1) and (4), which limit appeals to the Civil Service Commission from disciplinary determinations rendered pursuant to Civil Service Law § 75. Petitioners maintain that the New York City Charter and the Administrative Code take precedence over the Civil Service Law and accord the Fire Commissioner "sole and exclusive" authority to make final disciplinary determinations with regard to members of the Fire Department.

As it did before the IAS court, UFA, as amicus curiae, argues that Civil Service Law § 75, in conjunction with the provision in New York City Charter § 813 (d) regarding the powers of the Civil Service Commission, authorizes the Civil Service Commission to hear departmental charges against a member of the Fire Department. It maintains that neither Administrative Code § 15-113 nor any other section of the Code discusses where members may institute challenges to the Fire Commissioner's ruling and that the only place where such a procedure is discussed is in Civil Service Law § 76, which provides members with the option of filing a CPLR article 78 proceeding or appealing to the Civil Service Commission. UFA thus argues that, since the Civil Service Law is more specific than the Administrative Code, the Civil Service Law must control.

Moreover, the UFA asserts that the *Montella* decision is not dispositive because unlike the police officer in that case, who was punished following an internal Police Department hearing in accordance with Administrative Code § 14-115, Joel was punished pursuant to Civil Service Law § 75, thus triggering his options for appeal found in section 76. Because the Legislature did not carve out a special rule regarding the discipline of firefighters, as it had done specifically for police officers in Civil Service Law § 75 (3-a), UFA contends that the Legislature intended that firefighters be included in the general language of Civil Service Law § 75 and that because there is no equivalent section in the Administrative Code limiting a firefighter's appeal to a proceeding pursuant to CPLR article 78, as is the case with police officers under Administrative Code § 14-116, a firefighter may elect to pursue an appeal pursuant to Civil Service Law § 76.

New York City Charter § 487 (a) provides that the Fire Commissioner "shall have sole and exclusive power and perform all

duties for . . . discipline . . . of the fire department." Such language is even broader than the "cognizance and control" over disciplinary power granted to the Police Commissioner in City Charter § 434 (a). Administrative Code § 15-113 provides that the Fire Commissioner has the power to discipline members of the Department and punish the offending party by reprimand, forfeiture and withholding of not more than 10 days pay, or dismissal from the force. In the event of dismissal or reduction in rank, section 15-115 further provides for a rehearing of charges upon written application to the Mayor within one year from the date of the removal or reduction in rank. In the event the Mayor consents to such a rehearing, the Fire Commissioner, if he determines that such member has been illegally or unjustly dismissed, may reinstate such member.

Concededly, chapter 1 of title 15 of the Administrative Code, entitled "Fire Department," unlike chapter 1 of title 14, entitled "Police Department," does not contain any provision similar to section 14-116 (b) dealing with appeals of disciplinary determinations of the Fire Commissioner. However, in finding the absence of such a provision significant, both the Civil Service Commission and the IAS court neglected to examine the legislative history of the various statutes and the historical reasons for the Legislature's different treatment of the Police and Fire Departments and thus misconstrued the statutes.

Section 15-113 and its language can be traced to section 739 of the 1901 Greater New York Charter, and even farther back to the 1898 version of the same section. The language in the present City Charter, granting the Fire Commissioner "sole and exclusive" power, can be traced back to identical language in section 487 of the modern New York City Charter, which was adopted in 1936, effective 1938, and added "sole and exclusive" for the first time.

The history of the appeals provision of Civil Service Law § 76 demonstrates that it does not take precedence over the disciplinary provisions of the City Charter and Administrative Code. Specifically, prior to 1941, the Civil Service Law contained no provision for an administrative appeal. That year, the Civil Service Law was amended to add a new subdivision (3) to section 22, entitled **"Power of removal limited"** (now section 76 [1]), which, for the first time, gave state civil service employees the option to appeal to the State Civil Service Commission or to the courts pursuant to article 78 of the Civil Practice Act (now CPLR) (L 1941, ch 853). Prior thereto, Civil Service Law § 22

provided, in pertinent part: **"Power of removal limited.** Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section [in relation to removal of employees in the competitive classified civil service] shall be entitled to a writ of mandamus to remedy the wrong." The new subdivision (3) also provided that any decision by the Civil Service Commission was to be "final and conclusive and not subject to any further review in any court." Most importantly, however, the amendment also included a "savings clause" that provided that nothing contained in it was to be construed to repeal or modify any general or special law relating to the removal or suspension of employees in the competitive class of the civil service of the State.

In 1945, section 22 (3) was amended to, for the first time, expand the appeals option to city employees throughout the state ("Any officer or employee *of the state, or any city thereof wherein a city civil service commission has jurisdiction*" [L 1945, ch 607; emphasis added, indicating new matter inserted]), including New York City, who, thus, obtained the right to appeal to the appropriate civil service commission. The amendment also altered the language of the savings clause to provide that "[n]othing herein contained shall be construed to repeal or modify any general, special, local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any city thereof." (*Id.*) Those amendments are virtually identical to the current section 76 (1) and (4) of the Civil Service Law.

The most unequivocal manifestation of the Legislature's intent not to have the Civil Service Law trump the City Charter and the Administrative Code provisions regarding Fire Department discipline is that savings clause. While the general provision of a right of appeal to the Civil Service Commission in Civil Service Law § 76 (1) can be traced back to 1941 and 1945, the Charter and Administrative Code provisions relating to the Fire Commissioner's exclusive disciplinary authority originated no later than 1936. Since the provision of section 76 (1) at issue was enacted following the Charter and Administrative Code sections in question, the savings clause of section 76 (4) clearly precludes the repeal or modification of those long-standing Charter and Administrative Code provisions as recognized in *Montella (supra)*.

In *Montella*, contrary to the IAS court's characterization, the Court of Appeals did not "rely heavily" on Civil Service Law

§ 75 (3-a) and its decision was based largely on Civil Service Law § 76 (4), the savings clause which, as indicated above, provides that the relevant provisions of the Civil Service Law are not intended to override already existing law regarding the discipline of civil servants. The Court held that, because the corresponding police disciplinary provisions in the Administrative Code "predated the applicable Civil Service Law provisions," this Court erred in concluding that "the Administrative Code was intended to administer 'penalty or punishment' consistent with Civil Service Law § 75," and that section 76 (4) "evidences that the Legislature did not intend to supplant the long-established disciplinary provisions of the Administrative Code" (93 NY2d at 431-432). The Court could have stopped there and its analysis would have been complete. Nevertheless, it went on to find that Civil Service Law § 75 (3-a) "further evidences the Legislature's intention that New York City police officers be disciplined pursuant to the Administrative Code, not Civil Service Law § 75" (*id.* at 430).

There is simply no basis for the narrow reading of *Montella* given by the Civil Service Commission or the IAS court. Nor, given the legislative history, is there any basis in the Administrative Code or the Civil Service Law for the distinction made by the Civil Service Commission and the IAS court between the appeals available to firefighters and police officers from disciplinary determinations of their respective Commissioners.

Prior to 1900, for unexplained reasons, police officers, but not firefighters, had two years to commence an action, suit or proceeding "to recover or compel the payment of any salary," etc. or "to restore or reinstate to the police force or department any member or officer thereof" (L 1882, ch 410, § 272, as amended by L 1884, ch 180, § 7). In 1900, the foregoing language of section 302 of the Greater New York Charter (the predecessor of Administrative Code § 14-116) was amended to delete "or to restore or reinstate to the police force or department any member or officer thereof" and, in 1901, the Legislature added the following new language:

"and no proceeding shall be brought to procure the restoration or reinstatement to said police force or department of any member or officer thereof, unless said proceeding shall be instituted within four months after the decision or order sought to be reviewed." (L 1901, ch 466.)

The annotations to section 302 state that "the clause limiting

the time for instituting proceedings for restoration to four months . . . [is] new" and refer readers to section 2125 of the Code of Civil Procedure, the predecessor to CPLR 217 (*see* John C. Thomson, The Greater New York Charter of 1901, With Notes, at 189 [The Lawyers' Co-operative Publishing Company 1901]). Section 302, as amended, survived, in relevant part, until 1937, when the first Administrative Code of the City of New York was enacted (L 1937, ch 929, adding Administrative Code § 434a-15.0) and the "Limitations of suits" provision first resembled the modern version, with two separate subdivisions: the first pertaining to those suits that must be ,commenced within two years (to recover back pay, etc.) and the second requiring that suits brought to restore or reinstate any member or officer to the force must be commenced within four months. Such recodification was not intended to create any substantive change in the law (*see* 1937 Administrative Code § 982-1.0).

Thus, it is clear that the provision in Administrative Code § 14-116 (b) for a four-month statute of limitations for police officers seeking reinstatement to their jobs, the predecessor of which dates to at least 1901, could not possibly have been intended to differentiate police officers from firefighters with regard to administrative appeals since, as previously noted, such appeals were not available to either police officers or firefighters until 1945.

Likewise, a plain reading of Civil Service Law § 75 (3-a) and its history reflects, as noted by the Court in *Montella*, that the section is "a special law designed 'to bring the disciplinary measures of the New York City Police Department in line with the disciplinary measures' of other civil servants and officers not subject to discipline pursuant to the Administrative Code" by limiting any unpaid suspension pending the outcome of disciplinary charges to no more than 30 days (93 NY2d at 431 [citation omitted]). Prior to that, police officers could be suspended without pay indefinitely pending disciplinary proceedings. Since the Fire Commissioner never had the same power to suspend firefighters indefinitely, the addition of a comparable new provision of the Civil Service Law for firefighters was unnecessary.

*Matter of Wein v City of New York* (56 NY2d 758 [1982]) is further support for the Fire Commissioner's authority to impose discipline pursuant to Administrative Code § 15-113 exclusively in that it held that the Fire Commissioner acted without authority in imposing a penalty of demotion. Although such penalty

was authorized by Civil Service Law § 75, it was not authorized by the predecessor to Administrative Code § 15-113.

Here, on the other hand, even though both Administrative Code § 15-113 and Civil Service Law § 75 provide for the penalty of dismissal, Judge Maldonado's report and recommendation, which begins: "This is a disciplinary proceeding referred by the Fire Department pursuant to section 15-113 of the N.Y. City Administrative Code," makes perfectly clear that she was limited in her recommendation to the penalties provided for in "Section 15-113 of the N.Y. City Administrative Code [which] establishes limited penalty options for firefighters: reprimand, loss of ten days pay, or dismissal from the force." Thus, the Commissioner's determination that dismissal is the appropriate penalty was clearly made pursuant to Administrative Code § 15-113 and the savings clause in Civil Service Law § 76 (4) and the decisions in *Montella* and *Wein* support the conclusion that the sole and exclusive remedy available for a firefighter so disciplined is a proceeding pursuant to CPLR article 78.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Joan Madden, J.), entered January 16, 2002, which, in a proceeding brought pursuant to CPLR article 78 to annul respondent New York City Civil Service Commission's determination, dated November 2, 2000, that it had subject matter jurisdiction to hear the appeal of respondent Robert Joel from the Fire Commissioner's order dismissing him from the Fire Department for misconduct, denied the petition and dismissed the proceeding, should be reversed, on the law, without costs, the petition granted, and the determination of the New York City Civil Service Commission, dated November 2, 2000, annulled and vacated.

SULLIVAN, ROSENBERGER and FRIEDMAN, JJ., concur with ANDRIAS, J.P.; GONZALEZ, J., dissents and would affirm for the reasons stated by MADDEN, J.

Order and judgment (one paper), Supreme Court, New York County, entered January 16, 2002, reversed, on the law, without costs, the petition granted, and the determination of the New York City Civil Service Commission annulled and vacated.