[825 NE2d 128, 791 NYS2d 887]

In the Matter of THOMAS VON ESSEN, as Fire Commissioner of the City of New York, et al., Respondents, v NEW YORK CITY CIVIL SERVICE COMMISSION, Respondent, and ROBERT JOEL, Appellant.

Argued January 11, 2005; decided February 22, 2005

## POINTS OF COUNSEL

*Sullivan Papain Block McGrath & Cannavo, P.C.,* New York City (*Michael N. Block* and *Stephen C. Glasser* of counsel), for appellant. The Appellate Division erred as a matter of law in holding that the New York City Civil Service Commission has no subject matter jurisdiction under Civil Service Law § 76 to review a penalty of dismissal imposed by the Fire Commissioner of the City of New York against a firefighter for misconduct where, when viewed within the context of *Matter of Montella v Bratton* (93 NY2d 424 [1999]): (i) Civil Service Law §§ 75 and 76 authorize such review generally as to all civil servants; and (ii) in contrast to the situation presented when police officers are disciplined under Administrative Code of the City of New York §§ 14-115 and 14-116—which specifically restrict review of disciplinary penalties of police officers to a CPLR article 78 proceeding—Administrative Code § 15-113, governing discipline of New York City firefighters, is *silent* with regard to the procedure to use to review such penalty decisions. (*Elliot v Green Bus Lines,* 58 NY2d 76; *People v Walker,* 81 NY2d 661; *Pajak v Pajak,* 56 NY2d 394; *People v Tychanski,* 78 NY2d 909; *Matter of Smithwick v Levitt,* 154 AD2d 240; *People ex rel. Sibley v Sheppard,* 54 NY2d 320; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown,* 149 AD2d 516; *Matter of Wein v City of New York,* 56 NY2d 758; *Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.,* 78 NY2d 318.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Julie Steiner* and *Barry P. Schwartz* of counsel), for Thomas Von

Essen and another, respondents. The Appellate Division majority correctly held that a disciplined firefighter may not appeal to the New York City Civil Service Commission, because the Commission does not have subject matter jurisdiction to review such matters. Rather, a firefighter may only bring a CPLR article 78 proceeding. This Court's 1999 unanimous decision in *Matter of Montella v Bratton* (93 NY2d 424 [1999]), which pertained to the identical issue as here but with respect to police officer disciplinary determinations, is dispositive. (*Matter of Finegan v Cohen,* 275 NY 432; *Burke v Kern,* 287 NY 203; *Matter of City of New York v MacDonald,* 201 AD2d 258, 83 NY2d 759; *Ferrin v New York State Dept. of Correctional Servs.,* 71 NY2d 42; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205; *Rangolan v County of Nassau,* 96 NY2d 42; *Riley v County of Broome,* 95 NY2d 455; *People v Brancoccio,* 83 NY2d 638; *Matter of Tucker v Board of Educ.,* 82 NY2d 274; *Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669.)

## OPINION OF THE COURT

R.S. SMITH, J.

In *Matter of Montella v Bratton* (93 NY2d 424 [1999]) we held that uniformed police officers disciplined pursuant to section 14-115 of the Administrative Code of the City of New York could not appeal their discipline to the New York City Civil Service Commission. We hold today that the same rule applies to firefighters disciplined pursuant to section 15-113 of the Administrative Code.

## Procedural History

Firefighter Robert Joel was charged with violating Fire Department regulations by calling in two false alarms. At a hearing before an administrative law judge, Joel admitted his guilt and the judge recommended that he be terminated from his position with the department. The Fire Commissioner adopted the recommendation, and ordered termination.

Joel sought to appeal this ruling to the New York City Civil Service Commission. The Civil Service Commission ordered the parties to brief the question of whether it had jurisdiction over the appeal, and after receiving the briefs determined that it did. The Fire Commissioner then filed the present CPLR article 78 proceeding, seeking to annul the Civil Service Commission's determination. Supreme Court upheld the Civil Service Commis-

sion's jurisdiction, and dismissed the article 78 proceeding. The Appellate Division reversed, holding in a thorough and well-reasoned opinion that *Montella* was controlling. We agree with the Appellate Division and affirm.

## Discussion

The Civil Service Commission claims jurisdiction here pursuant to Civil Service Law § 76 (1), which permits an appeal to that Commission from punishment "imposed pursuant to the provisions of section seventy-five of this chapter." Thus the dispositive issue is whether Joel was disciplined pursuant to Civil Service Law § 75, which prescribes certain procedures for the removal or penalizing of civil servants charged with "incompetency or misconduct."

We held in *Montella* that Civil Service Law §§ 75 and 76 did not apply to Police Department discipline because we found in provisions of the New York City Charter and Administrative Code a legislative direction that such discipline be left to the discretion of the Police Commissioner, subject only to review by the courts under article 78. Specifically, we relied on NY City Charter § 434 (a), which provides that the Police Commissioner "shall have cognizance and control of the government, administration, disposition and discipline of the department, and of the police force of the department"; and on Administrative Code § 14-115 (a), providing that the Police Commissioner "shall have power, in his or her discretion . . . to punish the offending party" in specified ways. Since these provisions were in existence before Civil Service Law §§ 75 and 76 were enacted, and since Civil Service Law § 76 (4) provides that "[n]othing contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special or local law or charter provision relating to the removal or suspension of officers or employees . . . ," we concluded that the Civil Service Law sections did not affect the Police Commissioner's power to discipline police officers.

The Charter and Administrative Code provisions applicable to Fire Department discipline closely parallel those on which we relied in *Montella*. The relevant Charter provision, section 487 (a), is even more strongly worded than NY City Charter § 434 (a). While the latter provision, governing Police Department discipline, refers to "cognizance and control," section 487 (a) provides that the Fire Commissioner "shall have sole and exclusive power and perform all duties for the government, dis-

cipline, management, maintenance and direction of the fire department." The Administrative Code section governing Fire Department discipline is section 15-113, which uses the same words quoted above from Administrative Code § 14-115. Section 15-113, like its counterpart applicable to the police, says that the Commissioner "shall have power, in his or her discretion . . . to punish the offending party."

Since the Charter and Code provisions governing Fire Department discipline, like those governing Police Department discipline, were in existence before Civil Service Law §§ 75 and 76 were enacted, the saving clause of Civil Service Law § 76 (4), providing that neither section 75 nor section 76 "shall be construed to repeal or modify" other laws, is applicable here as it was in *Montella.* Fire Department discipline, like Police Department discipline, is outside the scope of Civil Service Law §§ 75 and 76 and thus not subject to the jurisdiction of the Civil Service Commission.

The Civil Service Commission and Supreme Court found *Montella* to be distinguishable because in *Montella* we relied on two provisions of law that have no counterpart here: Civil Service Law § 75 (3-a), which specifically provides that the Police Commissioner "may punish [a] police officer pursuant to the provisions of sections 14-115 and 14-123 of the administrative code of the city of New York," and Administrative Code § 14-116, which authorizes the bringing of an article 78 proceeding within four months to review discipline imposed by the Police Commissioner. But while section 75 (3-a) and section 14-116 supported our holding in *Montella,* they were not indispensable to it, for the reasons explained by the Appellate Division opinion in the present case. In *Montella,* sections 75 (3-a) and 14-116 provided confirmation of what other legislative provisions also made clear: that Police Department discipline was not subject to Civil Service Commission review. Even without corresponding confirmatory evidence, we reach the same conclusion with respect to the Fire Department.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed, with costs.