■ In the Matter of KEVIN JOHNSON, Appellant-Respondent, v RAYMOND KELLY, as Commissioner of the New York City Police Department, Respondent-Appellant. [828 NYS2d 10]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered October 12, 2005, which denied so much of the petition seeking annulment of petitioner's termination from probationary employment with the Police Department, but granted his request for a name-clearing hearing, unanimously modified, on the law, petitioner's request for a name-clearing hearing denied, the proceeding dismissed, and otherwise affirmed, without costs.

As a probationary officer, petitioner could be terminated without a hearing or a statement of reasons, for any reason or no reason at all, so long as the dismissal was not in bad faith, for constitutionally impermissible reasons, or in violation of law (*Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *Matter of Che Lin Tsao v Kelly*, 28 AD3d 320 [2006]). The record supported respondent's rational determination, and petitioner provided no evidence of bad faith. The determination of the Police Pension Fund Medical Board to deny petitioner's application for disability benefits is immaterial to a review of respondent's determination (*see Matter of Velez v Bratton*, 240 AD2d 211 [1997]; *Matter of Gault v Abate*, 210 AD2d 56 [1994], *lv denied* 85 NY2d 803 [1995]). The court also properly found that Civil Service Law § 50 (4) was not a bar to respondent's action, as the grounds for such termination do not relate to petitioner's preappointment conduct (*cf. Matter of Umlauf v Safir*, 286 AD2d 267 [2001]; *Borges v McGuire*, 107 AD2d 492, 499 [1985]). Nor did the termination violate Executive Law § 296 (1) (a), prohibiting employment discrimination based on disability. Petitioner has not demonstrated a disability within the meaning of the statute (*see* Executive Law § 292 [21]). In any event, petitioner's condition represented a threat to himself (*see* 9 NYCRR 466.11 [g] [2] [i]).

However, the court improperly granted petitioner's request for a name-clearing hearing. "The sole purpose of a name-clearing hearing is to afford the employee an opportunity to prove that the stigmatizing material in the personnel file is false" (*Swinton*, 93 NY2d at 763 n). Petitioner here has not demonstrated that the materials contained in his personnel file are stigmatizing; more importantly, he has not denied the truth of the central factual assertions in the psychologist's report, which formed the basis for termination. Instead, he denied facts that were not stated in the report, or denied statements in the report that were, at most, tangential to the central issues. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Catterson, JJ.