■ In the Matter of IAN GARNES, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [857 NYS2d 160]—

Order, Supreme Court, New York County (Herman Cahn, J.),

entered March 20, 2007, which dismissed the petition brought pursuant to CPLR article 78 seeking to annul respondents' determination, dated May 4, 2006, terminating petitioner's probationary employment as a New York City police officer, and for a name-clearing hearing, unanimously affirmed, without costs.

Petitioner, a probationary employee who was terminable without a hearing and without a statement of the reason for his dismissal, failed to demonstrate that his termination was in bad faith, unlawful, or for an impermissible reason (see Matter of York v McGuire, 63 NY2d 760 [1984]; Matter of Johnson v Kelly, 35 AD3d 297 [2006]). Contrary to petitioner's contention, his termination was not based solely on alcohol-related incidents that occurred prior to his appointment as a probationary officer, but was primarily based on his conduct while off-duty at a party in July 2005, clearly calling into question his ability to competently perform his job. There is no issue as to petitioner's probationary status at the time of termination. Although he was appointed to a two-year probationary period on July 1, 2003 and the incident resulting in the charges and specifications against him occurred on July 8, 2005, petitioner's probationary period was extended by the use of, inter alia, vacation days and his placement on modified duty, and there is no requirement that petitioner be notified of the extension of the probationary period (see Matter of Garcia v Bratton, 90 NY2d 991, 993 [1997]).

The court properly denied petitioner's request for a name-clearing hearing, since the reasons for petitioner's termination are not "stigmatizing in the constitutional sense," but instead constitute instances of "bad judgment or incompetent performance of duties" (Matter of Swinton v Safir, 93 NY2d 758, 763 [1999]).

We have considered petitioner's remaining contentions, including that the termination of his employment was unduly harsh, and find them unavailing. Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ.