■ In the Matter of CHRISTOPHER E. BIENZ, Appellant, v RAY-MOND KELLY, as the Police Commissioner of the City of New York, et al., Respondents. [901 NYS2d 199]—

Order (denominated a judgment), Supreme Court, New York County (Edward H. Lehner, J.), entered on or about July 14, 2009, which dismissed the petition brought pursuant to CPLR article 78 seeking to annul respondents' determination, dated June 9, 2008, terminating petitioner's probationary employment as a New York City police officer, unanimously affirmed, without costs.

The record establishes that when petitioner was terminated, he was on probationary status, and "[i]t is well settled that a probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law" (*Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *see Matter of Garnes v Kelly*, 51 AD3d 538 [2008]). Here, petitioner provided no evidence of bad faith, as the allegations of animosity against him on the part of some police department personnel do not rise to the level of constitutionally impermissible conduct, or conduct in violation of any law or statute (*see Matter of Che Lin Tsao v Kelly*, 28 AD3d 320, 321 [2006]). Nor is there any indication of involvement by those personnel in respondents' determination.

The substandard performance history of petitioner provides a rational basis for respondents' determination (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]), particularly since petitioner was given ample opportunity to improve (*see Matter of Wilson v Bratton*, 266 AD2d 140, 142 [1999]). We further note that petitioner was terminated in lieu of facing formal charges and specifications of misconduct. With respect to this, petitioner only raises factual disputes that do not entitle him to a hearing, nor do they demonstrate bad faith on the part of respondents (*see Matter of Turner v Horn*, 69 AD3d 522 [2010]; *Matter of Bradford v New York City Dept. of Correction*, 56 AD3d 290 [2008], *lv denied* 12 NY3d 711 [2009]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Nardelli, Freedman and Abdus-Salaam, JJ.