■ In the Matter of Severio L. Bruscino, Appellant, v Raymond W. Kelly, as Police Commissioner of the City of New York, et al., Respondents. [942 NYS2d 867]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered June 30, 2010, dismissing a CPLR article 78 petition seeking to annul respondents' determination, dated March 23, 2009, which terminated petitioner's probationary employment as a police officer, unanimously affirmed, without costs.

Supreme Court properly determined that the petition failed to state a claim. Respondents are entitled to discharge a probationary police officer "for 'almost any reason, or for no reason at all' as long as it is not 'in bad faith or for an improper or impermissible reason' " (*Matter of Duncan v Kelly*, 9 NY3d 1024, 1025 [2008], quoting *Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *see Matter of Berenhaus v Ward*, 70 NY2d 436, 445 [1987]). At its essence, the petition alleges that petitioner's failure to disclose the psychological treatment he underwent at the age of six was inadvertent. However, even if petitioner was " 'ignorant,' 'unaware' [of], or 'oblivious' " to his personal history, respondents are entitled, given the broad discretion with which they are vested, to deem "such omissions a[s] material to his qualifications" (*Matter of Roman v Brown*, 202 AD2d 321 [1994], *lv denied* 83 NY2d 760 [1994]). Even assuming the truth of the petition's allegations, the petition fails to allege any facts that would, if proven to be true, constitute a violation of "statute or policies established by decisional law" (*Matter of Talamo v Murphy*, 38 NY2d 637, 639 [1976]; *see Matter of York v McGuire*, 63 NY2d 760 [1984]). Petitioner has also failed to allege facts supporting a conclusion that his termination was in bad faith. Given this failure, a hearing to resolve the truth of the facts alleged is unnecessary (*see Matter of Bienz v Kelly*, 73 AD3d 489 [2010]). Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.