**Agwanhu v City of New York**

2025 NY Slip Op 30841(U)

March 17, 2025

Supreme Court, New York County

Docket Number: Index No. 154283/2023

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 51M

-------------------------------------------------------------------------------X

OBRAIN AGWANHU,

                                  Plaintiff,

                      - v -

CITY OF NEW YORK, PAUL GAMBLE

                                 Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154283/2023 |
| **MOTION DATE** | 11/21/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ARIEL D. CHESLER:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27

were read on this motion to/for                     DISMISSAL                .

Defendants, the City of New York and Paul Gamble (collectively, "Defendants"), move

to dismiss plaintiff Obrian Agwanhu's Verified Complaint pursuant to CPLR Sections

3211(a)(3), (a)(5), and (a)(7).[1]

## FACTS

According to the Verified Complaint ("Compl.") (NYSCEF Doc. No. 8) plaintiff joined

the New York City Police Department ("NYPD") as a police officer on July 13, 2016 (Compl ¶

64). Plaintiff was appointed to Public Service Area 5 (*id.*, ¶ 65). In October of 2020, plaintiff was

involved in a domestic incident with his wife in their home in Lynbrook, New York during

which he confronted her concerning "suspected infidelity (*id.*, ¶¶ 67, 68). The couple began

---

[1] Plaintiff has withdrawn his plea for injunctive relief (NYSCEF Doc. No. 22 [Pl's Memo of Law], p. 20).

**154283/2023   AGWANHU, OBRAIN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 1 of 8**

1 of 8

[* 1]

arguing and plaintiff's mother-in-law, who was watching their son in the basement, called the police (*id.*, ¶¶ 69-71).

Plaintiff was ultimately arrested and charged with Assault in the Third Degree, misdemeanor, and Harassment in the Second Degree, a violation (*id.*, ¶ 82). On January 14, 2021, plaintiff pled guilty to the violation only. The remaining charge against was dismissed pursuant to New York Criminal Procedure Law ("CPL") 160.55 and as part of that dismissal all documents related thereto were sealed pursuant to CPR 160.50 (*id.*, ¶¶ 84-86).[2]

The NYPD thereafter pursued internal disciplinary charges against plaintiff alleging that he engaged in a physical altercation with his wife in the presence of a minor. Because plaintiff had denied assaulted her at a Patrol Guide hearing, the charges were amended in November 2021 to include making misleading statements. At a pretrial hearing, plaintiff was advised that the sealed records would be entered into evidence at his trial and that the NYPD would be seeking his termination. Plaintiff refused to resign (*id.,* ¶¶ 87, 88, 93-100).

On March 8, 2022,[3] a trial was held before defendant ALJ Gamble. Gamble admitted documents from the sealed files into evidence, including the interview of plaintiff's wife on the night of the incident, the domestic incident report, photographs obtained that evening and a 911 recording (*id.,* ¶¶ 101, 102, 104-107). No warrant was issued to obtain the sealed records ((*id.,* ¶¶ 102, 120).

Plaintiff's wife offered exculpatory testimony on plaintiff's behalf despite being pressured to do otherwise, denying that plaintiff struck her and claiming that that accusation was retroactively added to the incident report by other police officers (*id.,* ¶¶ 109-118. 121-125).

---

[2] The complaint erroneously refers to the CPL as the "CPLR" and the "New York Criminal Law".
[3] The complaint initially misstates the year as 2023.

**154283/2023   AGWANHU, OBRAIN vs. CITY OF NEW YORK ET AL**                                                    **Page 2 of 8**
 **Motion No.  001**

[* 2]

Plaintiff also testified at the trial, admitting to trying grab his wife's phone, but denying that he struck her or later lied to investigators (*id.,* ¶¶ 126-129). Defendants' sole witness was a Sergeant Medina, who relying upon the sealed evidence testified that plaintiff was lying about the incident (*id.,* ¶¶ 130-133).

Defendant Gamble found plaintiff guilty and recommended that he be terminated. He credited the statements in the domestic incident report allegedly made by plaintiff's wife to the police officers over her trial testimony, also relying on what he believed was her "excited utterance" during the 911 call (*id.,* ¶¶ 136-140, 143, 145). His decision did not mention that evidence he considered was obtained illegally without a warrant (*id.,* ¶¶ 142, 144). Following Gamble's recommendation, plaintiff resigned on June 2, 2022, considering himself to have been constructively discharged and not wishing to risk further damage to his health and mental well-being (*id.,* ¶¶ 146-149).

Plaintiff commenced this plenary action on May 13, 2023. Plaintiff alleges that the allegedly unlawful use of the sealed records at the hearing constituted arrest history discrimination in violation of the New York State Human Rights Law ("NYSHL"), New York State Executive Law § 296(16) (Count I) and the New York City Human Rights Law, New York City Administrative Code § 8-107(11) (Count II), arrest history discrimination strict liability in violation of New York City Administrative Code § 8-107(13)(b) (Count III), in violation of CPL Section 160.50/160.60 (Count VI), and in violation of CPL Section 160.50 (Count VII).[4]

---

[4] The complaint contains no Counts IV or V but proceeds directly from Count III to VI.

**154283/2023   AGWANHU, OBRAIN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 8**

[* 3]

## DISCUSSION

On a CPLR 3211 (a) (7) motion to dismiss, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977] ["Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail"] [citation omitted]).  The Court of Appeals more recently stated the standard as follows: "When reviewing a motion to dismiss for failure to state a claim, a court must give the complaint a liberal construction, accept the allegations as true, and, providing plaintiffs with the benefit of every favorable inference, examine the adequacy of the pleadings" (*Moore Charitable Found. v PJT Partners, Inc.,* 40 NY3d 150, 153 [2023]).

Of course, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*David v Hack*, 97 AD3d 437, 438 [1st Dept 2012] [internal quotation marks and citation omitted]). Likewise, "dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017] [citation omitted]).

Employment discrimination cases are generally reviewed under notice pleading standards, in which a "plaintiff alleging employment discrimination need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of

154283/2023   AGWANHU, OBRAIN vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 8

the claim and its grounds" (*Vig v New York Hairspray Co., L.P.,* 67 AD3d 140, 145 [1st Dept 2009][internal quotations omitted]).

CPLR § 3211(a)(3) provides a basis to dismiss a complaint based on a plaintiff's lack of capacity to prosecute the action. In addition, "[o]n a motion to dismiss a cause of action pursuant to CPLR § 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011][*quoting Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2d Dept 2008]); (*see also Gravel v Cicola*, 297 AD2d 620 [2d Dept 2002]).

Here, the City does not advance specific grounds for dismissal of Plaintiff's complaint pursuant to either CPLR §§ 3211(a)(3) or 3211(a)(5). Accordingly, the City's motion is denied as to both statutory provisions.

A.     <u>Judicial Immunity</u>

The action is dismissed as to defendant Gamble. The actions of judges, including administrative judges, "even if malicious or corrupt, is cloaked with absolute immunity" (*Rosenstein v State*, 37 AD3d 208, 208–09 [1st Dept 2007]; *see Tarter v State*, 68 NY2d 511, 517 [1986]; *Moskovits v State*, 206 AD3d 535 [1st Dept 2022]; *Holloway,* 2024 WL 3243976, *2. The immunity extends notwithstanding that the judicial officials  acted "in excess of their jurisdiction" (*Sassower v Finnerty*, 96 AD2d 585, 586 [2d Dept. 1983], *appeal dismissed* 61 NY2d 756, *lv denied* 61 NY2d 985 [1984]).

Plaintiff nevertheless argues that that Gamble lacks immunity because the NYPD was completely without jurisdiction to prosecute him under Section 75 of the Civil Service Law ("CSL"). While it is true that the power to discipline police officers is governed by NYC

154283/2023   AGWANHU, OBRAIN vs. CITY OF NEW YORK ET AL
  Motion No.  001

Page 5 of 8

5 of 8

Administrative Code § 14–115 and not CSL § 75 (*see Montella v Bratton*, 93 NY2d 424, 431 [1999]), plaintiff does not contend that the hearing failed to comply with the procedures outlined in the Administrative Code. His assertion appears to be premised on the fact that defendants "admitted" that CSL § 75 governed, but this simply ignores the reality of how the hearing was conducted. At most, defendants' reference to CSL § 75 was an imprecise invocation of CSL § 75(3-a), which is applicable (*Montella*, 93 NY2d 424, 430) and specifically refers to Administrative Code § 14–115. Accordingly, "[n]otwithstanding Plaintiff's argument that NYPD disciplinary proceedings are not governed by Civil Service Law § 75, it is axiomatic that because all of Plaintiff's allegations relating to ALJ Gamble are based on his conduct in presiding over Plaintiff's disciplinary trial, ALJ Gamble is entitled to absolute immunity here" (*Holloway v City of New York,* 83 Misc.3d 1225(A), 2024 WL 3243976 at *2 [Sup Ct NY County 2024]).

B.     Failure to State a Claim

The complaint in this matter is in all material respects identical to that considered in *Holloway v City of New York*, *supra* which also involved the termination of a police officer following a hearing a before Judge Gamble in which evidence of a domestic violence incident was considered despite the sealing of the criminal file. The Court concurs with the result and reasoning of *Holloway,* and consequently the motion to dismiss is granted as to defendant Gamble and otherwise denied.

Plaintiff's remaining claims are cognizable. As in *Holloway*, plaintiff has adequately pled a claim for arrest history discrimination. He has asserted that  he is a member of protected class and that in violation of the NYSHRL and NYCHRL, the NYPD took an adverse employment action against him despite the resolution his arrest in his favor, using evidence under seal in violation of the CPL. Additionally, he has alleged that that the adverse action would have been

154283/2023   AGWANHU, OBRAIN vs. CITY OF NEW YORK ET AL            Page 6 of 8
  Motion No.  001

6 of 8

[* 6]

lawful only if the conduct underlying the arrest had a direct to his job or created an unreasonable risk to the public, articulating with specificity that it does not based examples of similarly situated officers who were not terminated despite engaging in domestic violence (*see* Compl. ¶¶ 164-167; 174-238) (*see Holloway*, 2024 WL 3243976, *3).

The Court rejects the NYPD's claim that the termination was lawful on the ground that it was based on the conduct underlying plaintiff's arrest rather than the arrest itself. First, "[t]he City's attempt to distinguish Plaintiff's termination as based on conduct rather than arrest does not negate the claim at this stage . . . [t]he relevant standard here is the sufficiency of the pleadings, not the City's justification" (*see Holloway*, 2024 WL 3243976, *4). Furthermore, as in *Holloway*, the means by which the City discovered plaintiff's records is not fully established, and as such, "the City's purported reliance on such records, despite having a legal obligation to treat them as sealed, constitutes an act of discrimination based on arrest history, irrespective of whether the conduct occurred" (*id.*). Nor does the fact that only some, but not all, of the records were protected by the sealing statute excuse the City's conduct. In any event, as noted above, none of the arguments regarding the use of the documents overcomes plaintiff's claims insofar as they are based on the disparate treatment of similarly situated police officers.

In addition, contrary to the City's assertions, transcripts of the disciplinary proceedings do not categorically establish documentary proof of the City's arguments so as to warrant judgment in the City's favor. Documentary evidence must "definitely dispose of the plaintiff's claim" (*Art & Fashion Group Corp. v Cyclops Prod., Inc.,* 120 AD3d 436, 438 [1st Dept 2014]) and the transcripts submitted here by the City do not satisfy this standard.

154283/2023   AGWANHU, OBRAIN vs. CITY OF NEW YORK ET AL      Page 7 of 8
Motion No. 001

7 of 8

C. Article 78

Finally, the Court rejects defendants' argument that plaintiff's claims should have been brought as part of an Article 78 proceeding and are time-barred by the four-month statute of limitations. A plaintiff alleging discriminatory practices by a governmental agency may elect to pursue relief via a plenary action for monetary damages rather than pursuant to Article 78 (*Koerner v State*, 62 NY2d 442, 447 [1984]). Plaintiff is not seeking vacatur of ALJ Gamble's decision to terminated but is suing for discrimination and statutory violations, relief obtainable only in plenary action appropriate.

Accordingly, it is

ORDERED that motion to dismiss the claims against defendant ALJ Gamble is granted, and it is further

ORDERED that the City's motion to dismiss is denied in its entirety; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in defendant ALJ Gamble's favor.

This constitutes the decision and order of the court.

20250317124456ACHESLERE7BBF0E8A82E4961801EFE65BF225487

**3/17/2025**
**DATE**

**ARIEL D. CHESLER, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

154283/2023   AGWANHU, OBRAIN vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 8 of 8

[* 8]