■ In the Matter of the CITY OF NEW YORK, Respondent-Appellant, v MALCOLM M. MACDONALD et al., Constituting the Board of Collective Bargaining, Appellants-Respondents. [607 NYS2d 24] —Judgment, Supreme Court, New York County (Stanley Parness, J.), entered April 14, 1992, which annulled a portion of determination made by respondent New York City Board of Collective Bargaining ("BCB") and declared another portion moot, unanimously modified, on the law, to the extent of finding the challenge to the latter portion of BCB's determination viable, annulling the determination that Demand No. 62 is a mandatory subject of bargaining, and declaring that Demand No. 62 is a prohibited subject of bargaining, and otherwise affirmed, without costs.

Pursuant to sections 12-307 and 12-309 (a) (2) of the Administrative Code of the City of New York, the City, in the midst of contract negotiations with the Patrolmen's Benevolent Association ("PBA"), petitioned for a determination whether two PBA demands were within the scope of collective bargaining. One of the demands, No. 22.a, sought to establish arbitral disciplinary procedures for tenured officers; the other, No. 62,

sought to confer grievance rights on probationary officers. The City argued that section 434 of the New York City Charter and section 14-115 of the Administrative Code confer exclusive authority to discipline police officers on the Commissioner, and that Civil Service Law § 76 (4), which provides that the guidelines and procedures for disciplining public employees, set out in sections 75 and 76, not be construed "to repeal or modify any general, special or local law or charter provision relating to the removal or suspension of officers", proscribes any derogation of that authority.

By a vote of 4 to 1, BCB found that Demand No. 22.a was both a mandatory and a permissive subject of collective bargaining, depending on whether the PBA's intention was to initiate arbitration *after* a departmental trial and decision by the Commissioner (mandatory), or whether the arbitral procedure could be selected as an alternative to a departmental trial and decision by the Commissioner (permissive). BCB further found that Demand No. 62, which had been withdrawn by the PBA prior to the issuance of the decision, was a mandatory subject of bargaining to the extent it sought to institute arbitral procedures with respect to any contractual rights probationers might have during the probationary period; otherwise, to the extent it sought to preclude summary dismissal of an officer who has completed the probationary period, it would infringe on the authority of the City Personnel Director and is thus a prohibited subject of bargaining.

We agree with IAS Court that a reading of the applicable statutes and section 434 of the New York City Charter discloses a legislative intent and public policy to leave the disciplining of police officers, including the right to determine guilt or innocence of breach of disciplinary rules and the penalty to be imposed upon conviction, to the discretion of the Police Commissioner, subject, of course, to review by the courts pursuant to CPLR article 78. Any attempt to impose a supervening arbitration process upon the Police Commissioner, as suggested by BCB, would repeal or modify this discretion to determine and impose discipline in violation of Civil Service Law § 76 (4). Accordingly, the judgment should be affirmed insofar as it annulled BCB's decision that Demand No. 22.a was mandatory.

We disagree with IAS Court, however, concerning the effect of PBA's withdrawal of Demand No. 62 prior to the issuance of BCB's decision, since BCB's decisions, which have the effect of declaratory rulings, may be applied in future determinations. The City Personnel Director is vested with all the

powers of a civil service commission with respect to probationary employees, and his or her rules and regulations concerning the standards and procedures during such period have the effect of law. Accordingly, to the extent that Demand No. 62 was found to be a mandatory subject of bargaining, the determination should be annulled as arbitrary and capricious and without foundation in law. Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.