■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent. AMALGAMATED TRANSIT UNION, DIVISION 1056, AFL-CIO, et al., Intervenors-Respondents. [715 NYS2d 68] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board dated May 28, 1997, which, *inter alia,* found that the New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority violated Civil Service Law § 209-a (1) (d) by unilaterally implementing new disciplinary work rules and penalties, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Belen, J.), dated October 6, 1998, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The appellants, the New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority, unilaterally imposed revised standards and penalties governing convictions, moving violations, and motor vehicle accidents involving bus drivers. The revised standards and penalties were more stringent than those in effect at the time the revisions were promulgated. Thereafter, the Amalgamated Transit Union, Divisions 726 and 1056, AFL-CIO and Local 100, Transport Workers Union of America, AFL-CIO (hereinafter the Union), as the recognized bargaining representative of the bus drivers, filed improper practice charges against the appellants, alleging a violation of Civil Service Law § 209-a (1) (d).

The Administrative Law Judge (hereinafter the ALJ)

determined that contrary to the appellants' contentions, the revised standards and penalties did not constitute qualifications to be satisfied before becoming a bus driver, but rather were terms and conditions to be satisfied to continue employment as a bus driver. As such, they were a mandatory subject of bargaining, and the appellants' refusal to engage in negotiations before imposing the revisions violated Civil Service Law § 209-a (1) (d) (see, Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., 85 NY2d 480, 485; Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 75 NY2d 660). Moreover, Vehicle and Traffic Law § 509-j (b) does not either explicitly or implicitly exempt the appellants from their duty to bargain (see, Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., supra, at 485-486; Matter of Webster Cent. School Dist. v Public Empl. Relations Bd., 75 NY2d 619, 627; Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., supra, at 667).

The appellants filed exceptions to the determination of the ALJ, and upon review, the New York State Public Employment Relations Board (hereinafter PERB), confirmed the determination. PERB also found that since the revised standards carried a disciplinary component, they were "mandatorily negotiable" (Binghamton Civ. Serv. Forum v City of Binghamton, 44 NY2d 23; Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 147 AD2d 574; Matter of Buffalo Police Benevolent Assn. [City of Buffalo], 23 PERB ¶ 3050).

The determination of PERB was neither irrational, unreasonable, nor affected by any error of law (see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., supra, at 671). Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.