■ In the Matter of the CITY OF MOUNT VERNON, Respondent, v MICHAEL R. CUEVAS et al., Constituting the Public Employment Relations Board, Appellants. [733 NYS2d 793] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered August 8, 2000 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Public Employment Relations Board finding that petitioner's disciplinary procedures were a mandatory subject of collective bargaining.

Petitioner and its police association (hereinafter the union) were parties to a collective bargaining agreement which expired in December 1995. When the parties reached an impasse in their negotiations for a successor agreement, the union petitioned the Public Employment Relations Board (hereinafter PERB) for compulsory interest arbitration (*see,* Civil Service Law § 209 [4]). Petitioner, claiming that the union submitted three nonmandatory or prohibited subjects of bargaining to the arbitration panel, filed an improper practice charge with PERB (*see,* Civil Service Law § 209-a [2] [b]), the union filed an answer and the parties then agreed to withdraw all but the issue of whether the union's proposal regarding disciplinary procedures was a mandatory subject of negotiation; this issue was submitted to an Administrative Law Judge (hereinafter ALJ) for determination. The ALJ determined that disciplinary procedures were a mandatory subject of collective bargaining and dismissed petitioner's improper practice charge. Petitioner and the union each filed exceptions with PERB, which denied their exceptions and affirmed the ALJ's decision.

Petitioner then commenced this CPLR article 78 proceeding, claiming that because its 1922 City Charter established disciplinary procedures for its police officers and such procedures are protected by Civil Service Law § 76 (4), petitioner could not be forced to negotiate that term or condition of employment. Supreme Court agreed, determining that PERB's decision was "irrational, unreasonable and legally impermissible" and granted the petition, prompting this appeal by PERB.

The Taylor Law requires good faith bargaining of all terms and conditions of employment (*see, Matter of City of Watertown*

*v State of New York Pub. Empl. Relations Bd.*, 95 NY2d 73, 78), which include disciplinary procedures (*see, Binghamton Civ. Serv. Forum v City of Binghamton*, 44 NY2d 23, 28), which have been held to be a mandatory subject of collective bargaining (*see, Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 276 AD2d 702, 703, *lv denied* 96 NY2d 713; *Matter of Auburn Police Local 195 v Helsby*, 62 AD2d 12, 15, *affd on opn below* 46 NY2d 1034). We also note the "strong and sweeping" public policy of this State in favor of collective bargaining, which may be overcome only where there is "plain and clear" legislative intent to remove the issue from mandatory bargaining (*see, Matter of City of Watertown v State of New York Pub. Empl. Relations Bd., supra*, at 78; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480, 486). And while PERB's determination is entitled to deference if it is within its area of expertise (*see, Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., supra*, at 485), we must bear in mind that statutory interpretation is for the courts (*see, Matter of Webster Cent. School Dist. v Public Empl. Relations Bd.*, 75 NY2d 619, 626).

In reaching its decision, PERB relied on our decision in *Matter of Auburn Police Local 195 v Helsby* (*supra*, at 16), and determined that because Civil Service Law § 76 (4) was passed years before the Taylor Law, it "could not reasonably be read to reflect 'any intent on the part of the Legislature to exclude or preclude bargaining as to discipline'." However, our decision in *Matter of Auburn* was concerned with whether the provisions of Civil Service Law § 76 (4) applied to municipalities other than the State and did not involve a general, special or local law or charter provision but, rather, previously negotiated disciplinary procedures and an attempt by the union to inject new disciplinary procedures into negotiations with the City of Auburn that would modify Civil Service Law § 75. Here, we find that the police officer discipline procedures contained in plaintiff's City Charter enacted in 1922 are specifically protected from repeal or modification by Civil Service Law § 76 (4), which provides: "Nothing contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special or local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any civil division. Such sections may be supplemented, modified or replaced by agreements negotiated between the state and an employee organization pursuant to article fourteen of this chapter. Where such sections are so supplemented, modified or

replaced, any employee against whom charges have been preferred prior to the effective date of such supplementation, modification or replacement shall continue to be subject to the provisions of such sections as in effect on the date such charges were preferred." Under these circumstances, we find that disciplinary procedures pertaining to petitioner's police officers are not mandatory subjects of negotiation.

Consequently, on this record, we agree with Supreme Court that PERB's determination was not rationally based and was affected by an error of law, as Civil Service Law § 76 (4), "which explicitly provides that Civil Service Law §§ 75 and 76 do not modify laws relating to the removal or suspension of officers, evidences that the Legislature did not intend to supplant * * * long-established disciplinary provisions" (*Matter of Montella v Bratton*, 93 NY2d 424, 432) which are in place in this case. To that extent, we interpret the reasoning found in cases in the First and Second Department to be in harmony with our thinking (*see, Matter of City of New York v MacDonald*, 201 AD2d 258, *lv denied* 83 NY2d 759; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown*, 149 AD2d 516; *Matter of Town of Greenburgh [Police Assn.]*, 94 AD2d 771, *lv denied* 60 NY2d 551).

Finally, we have examined PERB's remaining arguments and find them to be without merit.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.