■ In the Matter of Patrolmen's Benevolent Association of the City of New York, Inc., Appellant, v New York State Public Employment Relations Board et al., Respondents. [786 NYS2d 269]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Sheridan, J.). entered September 15, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review that part of a determination of respondent Public Employment Relations Board finding, inter alia, that certain proposed contract terms were not mandatory subjects of collective bargaining.

In this CPLR article 78 proceeding, petitioner argues that respondent Public Employment Relations Board (hereinafter PERB) incorrectly determined that five particular provisions in an expired collective bargaining agreement between itself and respondent City of New York concern prohibited subjects of bargaining such that they could not be submitted to an interest arbitration panel appointed to impose a successor agreement under Civil Service Law § 209 (4). Petitioner further contends that PERB incorrectly found that its proposal to increase the amount of money payable to pension beneficiaries under a Variable Supplement Fund was a nonmandatory subject of bargaining such that it too would not be submitted to the interest arbitration panel. In a thoughtful and well-reasoned decision, Supreme Court dismissed the petition. We now affirm.

We turn first to the five proposals emanating from the expired collective bargaining agreement. These provisions concern (1) expungement of records following certain disciplinary matters, (2) disciplinary procedures, i.e., the timing of charges and trials, as well as reimbursement of pay under certain conditions, (3) guidelines for interrogation of members, (4) the time period within which a police officer who witnesses an incident has to confer with counsel before being questioned by the department and (5) the continuation of a program whereby disciplinary matters may, at the discretion of the New York City Police Commissioner, be referred outside the department for resolution. These topics were found by PERB to be prohibited subjects of bargaining, that is, "forbidden, by statute or otherwise, from being embodied in a collective bargaining agreement" (*Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Re-*

*lations Bd.*, 48 NY2d 398, 402 n 1 [1979]; *accord Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.*, 75 NY2d 660, 666 [1990]). Here, the New York City Charter and New York City Administrative Code commit the issue of police officer discipline to the authority of the Commissioner.

Specifically, New York City Charter § 434 (a) provides that "[t]he [C]ommissioner shall have cognizance and control of the government, administration, disposition and discipline of the department, and of the police force of the department." The Administrative Code additionally provides that the Commissioner, or a deputy thereto, has the authority to "examine[ ], hear[ ] and investigate[ ]" all written charges against a member "in such manner or procedure, practice, examination and investigation as such [C]ommissioner may, by rules and regulations, from time to time prescribe" (Administrative Code of City of NY § 14-115 [b]). Under the Administrative Code, the Commissioner also has the sole discretionary authority over the appropriate punishment to be meted out against a member who, among other transgressions, neglects his or her duty, violates a rule or commits a breach of discipline (*see* Administrative Code of City of NY § 14-115 [a]).

Contrary to petitioner's contentions, these provisions plainly vest the Commissioner with full and broad authority over the discipline of police officers such that the topics sought to be submitted to the interest arbitration panel were prohibited subjects of negotiation (*see Matter of City of New York v MacDonald*, 201 AD2d 258, 259 [1994], *lv denied* 83 NY2d 759 [1994]; *see generally Matter of Montella v Bratton*, 93 NY2d 424, 430 [1999]; *Matter of Lynch v Giuliani*, 301 AD2d 351, 357 [2003]). Petitioner would have this Court interpret the City Charter and Administrative Code as merely giving the Commissioner the right to make the final decision in police disciplinary matters without concomitantly giving the Commissioner authority over any matter that is "ancillary" or "tangentially" related to that decision or discipline generally. Said differently, petitioner claims that matters ancillary to discipline, such as those addressed in the five proposals stemming from the expired collective bargaining agreement, are not plainly or explicitly delegated to the Commissioner by operation of either the City Charter or Administrative Code and, therefore, such issues are mandatory, or at the very least permissive, subjects of bargaining. We cannot agree.

As was determined in *Matter of City of New York v MacDonald* (*supra*), a reading of the City Charter and Administrative Code

"discloses a legislative intent and public policy to leave the disciplining of police officers . . . to the discretion of the Police Commissioner, subject, of course, to review by the courts pursuant to CPLR article 78" (*id.* at 259). In short, the City Charter and Administrative Code evince a "plain and clear" (*Syracuse Teachers Assn. v Board of Educ., Syracuse City School Dist.*, 35 NY2d 743, 744 [1974]) legislative intent to vest the Commissioner with broad authority over police officer discipline and, thus, remove the area of police discipline from collective bargaining. This being the case, PERB correctly ruled that the five topics at issue may not be submitted to the interest arbitration panel (*see Matter of City of Mount Vernon v Cuevas*, 289 AD2d 674 [2001], *lv denied* 97 NY2d 613 [2002]; *Matter of City of New York v MacDonald, supra*; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown*, 149 AD2d 516 [1989]; *Matter of Town of Greenburgh [Police Assn. of Town of Greenburgh]*, 94 AD2d 771 [1983], *lv denied* 60 NY2d 551 [1983]; *see generally Matter of Montella v Bratton, supra*; *Matter of Lynch v Giuliani, supra*).

Finally, PERB's finding that petitioner's proposal concerning the Variable Supplement Fund was a nonmandatory subject of bargaining was also proper as this fund is legislatively established and petitioner's proposal impermissibly sought to increase the benefits provided thereunder (*see Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd., supra* at 667; *see generally Matter of Rochester Fire Fighters Local 1071, IAFF [AFL-CIO]*, 12 PERB ¶ 3047, 3087 [1979]). To the extent not discussed, petitioner's remaining contentions have been reviewed and rejected as unpersuasive.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.