[893 NE2d 803, 863 NYS2d 387]

POLICE BENEVOLENT ASSOCIATION OF NEW YORK STATE TROOP-
ERS, INC., et al., Appellants, v DIVISION OF NEW YORK STATE
POLICE et al., Respondents.

Argued May 29, 2008; decided July 1, 2008

### POINTS OF COUNSEL

*Gleason, Dunn, Walsh & O'Shea,* Albany (*Mark T. Walsh* of counsel), for appellants. I. Plaintiffs have suffered injury-in-fact sufficient for them to have standing to sue and present a ripe controversy. (*Matter of Dairylea Coop. v Walkley,* 38 NY2d 6; *New York State Assn. of Nurse Anesthetists v Novello,* 2 NY3d 207; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801; *People v West,* 81 NY2d 370; *People v Skinner,* 52 NY2d 24; *People v Townes,* 41 NY2d 97; *People v Rice,* 176 Misc 2d 751; *People v Hawkins,* 55 NY2d 474; *People v Wilson,* 89 NY2d 754.) II. Plaintiffs have a right to counsel and union representation at all stages of the critical incident review and investigation.

*Andrew M. Cuomo, Attorney General,* Albany (*Victor Paladino, Barbara D. Underwood* and *Andrea Oser* of counsel), for respondents. I. Plaintiffs lack standing to challenge the clarified critical incident policy. (*New York State Assn. of Nurse Anesthetists v Novello,* 2 NY3d 207; *Community Bd. 7 of Borough of Manhattan v Schaffer,* 84 NY2d 148; *Matter of New York State Psychiatric Assn., Inc. v Mills,* 29 AD3d 1058, 7 NY3d 708; *Rudder v Pataki,* 93 NY2d 273; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Matter of Matt v Larocca,* 71 NY2d 154, 487 US 1250; *Matter of Boyd v Constantine,* 81 NY2d 189; *Matter of Finn's Liq. Shop v State Liq. Auth.,* 24 NY2d 647; *Boryszewski v Brydges,* 37 NY2d 361; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6.) II. Plaintiffs waived any statutory or constitutional rights they otherwise may have had to counsel in their Collective Bargaining Agreement. (*Matter of Grippo v Martin,* 257 AD2d 952; *Dye v New York City Tr. Auth.,* 88 AD2d 899, 57 NY2d 917; *Antinore v State of New York,* 49 AD2d 6, 40

NY2d 921; *Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.,* 8 NY3d 226; *Matter of Fortune v State of N.Y., Div. of State Police,* 293 AD2d 154; *Matter of Hall v Town of Henderson,* 17 AD3d 981, 5 NY3d 714.) III. Plaintiffs have no statutory right to counsel or union representation under Civil Service Law § 75 (2) for purposes of critical incident reviews. (*Matter of Ward v Chesworth,* 125 AD2d 912, 69 NY2d 610; *Matter of Brusco v Braun,* 84 NY2d 674; *Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.,* 6 NY3d 563.) IV. Troopers have no constitutional right to counsel or union representation in a critical incident review. (*People v Mitchell,* 2 NY3d 272; *Brewer v Williams,* 430 US 387; *Kirby v Illinois,* 406 US 682; *People v Hawkins,* 55 NY2d 474, 459 US 846; *Arrington v County of Dallas,* 970 F2d 1441; *Miranda v Arizona,* 384 US 436; *Chavez v Martinez,* 538 US 760; *Garrity v New Jersey,* 385 US 493; *Lefkowitz v Turley,* 414 US 70; *People v Avant,* 33 NY2d 265.)

### OPINION OF THE COURT

Chief Judge KAYE.

This appeal by the Police Benevolent Association (PBA) and five state troopers seeks a judgment declaring that troopers have a right to counsel or union representation in "critical incident reviews."

A "critical incident" is defined in the State Police Administrative Manual, in part, as action by a trooper that results in death or serious injury to the trooper or another person, or discharge of a firearm. After every critical incident, the Division of New York State Police conducts both a criminal and an administrative investigation to ascertain whether the troopers complied with criminal statutes and Division rules. Representation rights during those investigations are not at issue on this appeal. Before any criminal or administrative investigation occurs, however, the Division dispatches a critical incident investigation team, which obtains written and oral statements from the involved troopers. The purpose is promptly to provide the Superintendent with accurate information regarding such significant events both for timely reporting to the Governor, the public and the media, and for the Superintendent's own oversight of police operations. It is this initial inquiry that constitutes the "critical incident review" now before this Court.

Until some time in 2001, both the PBA and the Division assumed that a trooper's collectively bargained right to represen-

tation during administrative interrogations (which may lead to discipline or removal) applied to critical incident reviews. That Collective Bargaining Agreement (CBA) section provided, in relevant part:

> "In all cases wherein a member is to be interrogated concerning an alleged violation of the Division Rules and Regulations which, if proven, may result in the member's dismissal from the service or the infliction of other disciplinary punishment upon the member, the member shall be afforded a reasonable opportunity and facilities to contact and consult privately with an attorney of the member's own choosing and/or a PBA troop representative before being interrogated. An attorney of the member's own choosing and/or a PBA troop representative may be present during the interrogation, but may not participate in the interrogation except to counsel the member" (CBA § 16.2 [A] [8]).

Apparently around 2001-2002, the Division believed a different CBA section applied to critical incident reviews. That section provided:

> "Occasions will arise when there is a need for inquiry into a member's official actions or activities either as a principal or as a witness so that there will be a recording of facts, for the protection of the member or of the Division, or to rebut, explain or clarify any allegations, criticism or complaints made against a member of the Division. Under such circumstances members may be requested and are expected to properly respond and if requested, submit written memoranda detailing all necessary facts. Such memoranda will not be considered as admissions against self-interest in evidence submitted in a disciplinary proceeding under Rule 3 of the Rules, unless the member was offered the representation to which the member is entitled in an interrogation pursuant to paragraph 16.2A (8) below" (CBA § 16.1 [D]).

In May 2001, plaintiff Trooper Matthew Taney was involved in a high-speed automobile accident, resulting in the death of a civilian. At the hospital, the critical incident officer (CIO) required Taney to submit a memorandum detailing his actions, and prevented his union delegate from participating in the

interview, telling Taney that, based upon other witnesses' accounts of the accident, he was not the potential target of discipline. As a result of the investigation, the PBA filed a grievance under the CBA and an improper practice charge with the Public Employment Relations Board (PERB) challenging the Division's change in practice. After the grievance was denied, the PBA and the Division arbitrated the dispute. On July 5, 2002, the arbitrator found no violation because, when the Division denied Taney's request, the CIO told Taney that he was absolved of any responsibility for the accident, and thus he could not have believed that he was subject to discipline.

The following week, several troopers surrounded a house in which a double-homicide suspect had barricaded himself, ultimately resulting in an exchange of gunfire and the suspect's death. The critical incident review team arrived at the scene and interviewed the troopers, including the five who had fired shots, denying their requests for representation. Afterward, plaintiff Trooper Kurt Schafsteck, along with the PBA, filed a grievance, alleging a violation of the CBA, the Administrative Manual and past practice.[1] In the arbitration that followed, the arbitrator determined that by failing to give the troopers assurance that they were absolved of wrongdoing, or by not permitting them to consult with counsel or union representatives, the Division had violated the CBA. Supreme Court confirmed the award, and the Division did not appeal.

Between filing and determination of the Schafsteck grievance, the Division restated its critical incident review policy. While a trooper could have counsel or a union representative present for questioning, private conversations prior to the critical incident interview would not be permitted; moreover, any compelled statements would not be shared with criminal investigators or a district attorney until the trooper was absolved of any criminal liability.

Some time later, the Division again restated its policy. Before a critical incident review, the investigating team would have to inform the trooper to be questioned that he or she would be "expected to respond to . . . questions and/or submit memoranda detailing all necessary facts"; that the trooper was not being given representation to which he or she would be entitled

---

1. Plaintiffs claimed that, some time after the critical incident reviews, either a statement or a memorandum was used in further investigations. None of the individual plaintiffs, however, alleged that he faced disciplinary or criminal sanctions as a result of the critical incident reviews.

under the CBA if this questioning were an administrative investigation; and that the trooper was being offered use immunity for compelled statements or memoranda. Additionally, any statements by the trooper could not be used in disciplinary proceedings as admissions against interest.

Responding to PBA concerns, the Division in August 2005 further separated the critical incident review process from administrative investigations examining possible disciplinary infractions: critical incident review personnel could not be the same personnel who conducted the administrative investigation, and administrative investigative personnel would not have access to critical incident memoranda or other information derived from the review.

In January 2006, the PBA, Taney, Schafsteck and three troopers who had also been denied counsel or union representation during a critical incident review commenced this action for declaratory and injunctive relief claiming that the Division's restated critical incident review policies violated Civil Service Law § 75 (2) and the troopers' constitutional right to counsel. On September 20, 2006, Supreme Court granted plaintiffs' summary judgment motion, concluding that, at a minimum, the revised protocols violated the troopers' statutory right to counsel because, at the time of the critical incident review, the trooper was a potential subject of disciplinary action. The Appellate Division, on July 26, 2007, reversed on the ground that plaintiffs lacked standing to bring the action, and dismissed the complaint. This Court dismissed the plaintiffs' appeal as of right and granted their motion for leave to appeal.

Decisions in two related cases provide additional backdrop for the present appeal. First, in 2005, as a result of improper practice charges lodged by the State against the PBA arising from attempts to negotiate a new CBA, PERB determined that trooper disciplinary matters were not subject to collective bargaining because Executive Law § 215 (3) vests sole disciplinary authority in the State Police Superintendent (*Matter of State of New York [Div. of State Police]*, 38 PERB ¶ 3007 [2005]). On December 27, 2006, Supreme Court (Stein, J.) affirmed PERB's 2005 determination, concluding that the "express language of Executive Law § 215 (3) evinces a 'plain and clear' legislative intent to vest the Superintendent of the State Police with the authority over police officer discipline, effectively removing the subject of discipline from collective bargaining" (*Matter of Police Benevolent Assn. of N.Y. State Troopers, Inc. v*

*State of N.Y. State Pub. Empl. Relations Bd.*, 39 PERB ¶ 7013 [2006]).[2]

Second, in 2006, the PBA asserted improper practice charges concerning representation rights during critical incident reviews. In response, the Division—in addition to arguing that critical incident reviews were not related to discipline and thus trooper representation rights during those reviews were subject to collective bargaining—applied the rationale of PERB's decision in the context of critical incident reviews. Specifically, the Division argued that, if critical incident reviews were in fact related to discipline, they were prohibited subjects of bargaining. The PBA rejoined that, if critical incident reviews were related to discipline, then troopers had a right to representation under Civil Service Law § 75 (2).

After PERB concluded that critical incident reviews were related to discipline (*see* 39 PERB ¶ 3023 [2006]), Supreme Court (Devine, J.) in 2007 annulled PERB's decision and held that the critical incident review was not related to discipline within the meaning of Executive Law § 215 (3) but rather was part of the process leading up to the decision whether or not to discipline, and therefore a mandatory subject of collective bargaining (*Police Benevolent Assn. of N.Y. State Troopers, Inc. v New York State Pub. Empl. Relations Bd.*, 40 PERB ¶ 7003 [2007]).[3] Two months later, the Appellate Division dismissed plaintiffs' present complaint, holding that, given the remoteness of possible criminal or disciplinary sanctions, plaintiffs lacked injury-in-fact necessary for standing.

While the Taylor Law (Civil Service Law § 200 *et seq.*) requires public employers to bargain in good faith concerning all terms and conditions of employment (*Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73, 78 [2000]), when legislation commits police discipline to the discretion of local authorities, as a matter of public policy, discipline is a prohibited subject of collective bargaining (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563 [2006]). Other terms of employment, so long as statutes or public policy do not forbid their negotiation, can be negotiated in collective bargaining

---

2. The PBA filed a notice of appeal from this judgment but has since abandoned the appeal.

3. The Division filed an appeal but has advised the Court that, if we conclude that critical incident reviews are not discipline—as we now do—the Division will withdraw its appeal.

(*Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.*, 75 NY2d 660, 666 [1990]). Indeed, statutory and due process rights may even be surrendered during collective bargaining (*Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 8 NY3d 226 [2007] [statutory right to exclusion of statements made during disciplinary questioning without representation may be surrendered in collective bargaining]; *Matter of Fortune v State of N.Y., Div. of State Police*, 293 AD2d 154, 158 [3d Dept 2002] [troopers waived due process right to a hearing through collective bargaining]).

This Court now assumes standing for purposes of the present appeal, and affirms the order of the Appellate Division dismissing the complaint.

The Division argues that critical incident reviews do not relate to discipline, and thus concedes—as plaintiffs do not dispute—that critical incident reviews are subject to collective bargaining.

Here, although the parties negotiated a right to representation for administrative interrogations, they failed to enumerate any such right with regard to critical incident reviews. The CBA provides that during "administrative interrogations," which can lead to dismissal or other punishment for violations of the Division's rules and regulations, troopers have a right to counsel (CBA § 16.2 [A] [8]). The assumption that this right also attached to critical incident reviews, held by both parties prior to the Division's change in policy in 2001—while perhaps disadvantaging the PBA—did not, however, amount to a negotiated right. In fact, a close reading of CBA §§ 16.1 and 16.2 should have informed the PBA of the potential applicability of the former section, which provided for no bargained-for right to counsel when a trooper is "expected to properly respond and if requested, submit written memoranda detailing all necessary facts" to account for the trooper's official actions (CBA § 16.1 [D]). Compared to section 16.2 (A) (8), section 16.1 (D) is conspicuously silent on the right to counsel.

Because the PBA agreed to a right to counsel only during administrative interrogations, it necessarily waived any representation right troopers may have had during critical incident reviews. We note, finally, that if the PBA disagreed with the Division applying CBA § 16.1 (D) to critical incident reviews, it was obligated to, and did, submit that grievance to binding arbitration (CBA § 15.4).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Judge CIPARICK taking no part.

Order affirmed, with costs.