■ In the Matter of JOSEPH D. RAYMOND, SR., Appellant, v KEVIN E. WALSH, Sheriff, County of Onondaga, et al., Respondents. [880 NYS2d 597]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered December 11, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination terminating his General Municipal Law § 207-c benefits. According to petitioner, the collective bargaining agreement (CBA) between respondents and the union representing petitioner required that a hearing be conducted before those benefits were terminated. We reject that contention. Although the CBA provides that union members have the right to a hearing to contest a determination to terminate benefits pursuant to section 207-c, it does not afford a union member the right to a hearing prior to the termination of such benefits. Indeed, we conclude that petitioner, by entering into the CBA through his union, waived his right to a pretermination hearing (*see Antinore v State of New York*, 49 AD2d 6, 10 [1975], *affd* 40 NY2d 921 [1976]; *Matter of Fortune v State of N.Y., Div. of State Police*, 293 AD2d 154, 158 [2002]; *see generally Police Benevolent Assn. of N.Y. State Troopers, Inc. v Division of N.Y. State Police*, 11 NY3d 96, 103 [2008]). Because the petition was in the nature of mandamus to review rather than mandamus to compel the performance of a ministerial act required by law (*cf. Matter of Heck v Keane*, 6 AD3d 95, 98-99 [2004]), the four-month stat-

ute of limitations pursuant to CPLR 217 began to run on the date on which petitioner received notice of the termination of his General Municipal Law § 207-c benefits. The record establishes that petitioner was notified of the termination of his section 207-c benefits on December 2, 1999 and that he was notified of the termination of his hardship benefits on July 26, 2005. The petition was not filed until August 17, 2007 and thus, using either date, the proceeding is time-barred. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.