■ ROCHESTER EQUIPMENT & MAINTENANCE, Respondent, v ROXBURY MOUNTAIN SERVICE, INC., et al., Appellants. [891 NYS2d 781]—

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of a contract pursuant to which it purchased a used construction vehicle from defendants. After purchasing the vehicle and refurbishing it, plaintiff discovered that it had been stolen. The vehicle was subsequently seized by the Department of Motor Vehicles and sold at public auction to a third person who is not a party to this action.

Supreme Court properly granted those parts of plaintiff's cross motion seeking partial summary judgment on liability with respect to the first three causes of action, for breach of contract, breach of express warranty and breach of implied warranty insofar as those causes of action are asserted against defendant Roxbury Mountain Service, Inc. (Roxbury) and defendant Mark Lippman in his capacity as the founder and owner of Roxbury. Pursuant to UCC 2-312 (1) (a), "there is in a contract for sale a warranty by the seller that . . . the title conveyed shall be good, and its transfer rightful" (*see generally Marine Midland Bank v Murray Walter, Inc.*, 101 AD2d 691 [1984]). That statutory warranty is excluded "only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have" (UCC 2-312 [2]). In support of its cross motion, plaintiff established that the "[a]s is" provision in the contract related to the condition and operability of the vehicle rather than its title and that the contract otherwise failed to include specific language disclaiming the statutory warranty of title required by UCC 2-312 (2). Plaintiff further established in support of its cross motion that it had no reason to know that defendants did not purport to have title to the vehicle, or that they were selling the vehicle on behalf of a third party and thus were selling only the title held by that third party. We therefore conclude that plaintiff met its burden of establishing its entitlement to judgment as a matter of law on liability with respect to the first three causes of action.

We further conclude that defendants failed to raise a triable issue of fact with respect to those three causes of action. The warranty exemption set forth in UCC 2-316 (3) (b) by its terms

relates to the warranties of merchantability and fitness referenced in UCC 2-316 (2) and does not govern the warranty of title (*see* UCC 2-312, Official Comment 6, reprinted in McKinney's Cons Laws of NY, Book 62½, at 270; *see generally B & F Prod. Dev., Inc. v Fasst Prods. LLC*, 22 Misc 3d 1107[A], 2009 NY Slip Op 50063[U], *9 [2009]).

Defendants further contend that the court erred to the extent that it granted those parts of the cross motion seeking partial summary judgment on liability with respect to the first three causes of action insofar as they are asserted against Lippman in his individual capacity. However, the court did not specifically address the liability of Lippman in his individual capacity with respect to those causes of action, and it is well established that the court's failure to issue an express ruling is deemed a denial thereof (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]). In any event, the evidence in the record before us establishes that Lippman entered into the contract only in his corporate capacity and that the sale of the stolen vehicle was conducted as part of the normal course of defendants' business (*see Noel v L & M Holding Corp.*, 35 AD3d 681 [2006]; *Gordon v Teramo & Co.*, 308 AD2d 432 [2003]). Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.