In the Matter of Lisa Heaton, Respondent, v Monroe County et al., Appellants. [910 NYS2d 611]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 3, 2009 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and annulled the determination of respondents.

It is hereby ordered that the judgment so appealed from is affirmed without costs.

Memorandum: Supreme Court properly granted the petition in this CPLR article 78 proceeding challenging the determination denying petitioner's application for General Municipal Law § 207-c benefits. Respondents denied the application on the ground, inter alia, that petitioner failed to report her injury in a timely manner pursuant to the requirements of a General Order issued by respondent Monroe County Sheriff. Contrary to respondents' contention, however, the record establishes that

the reporting requirements of that General Order did not apply to petitioner's injury. Contrary to the contention of the dissent, moreover, we conclude that the statute of limitations defense, which was not addressed at Supreme Court, does not remain pending and undecided. "[I]t is well established that the court's failure to issue an express ruling is deemed a denial thereof" (*Rochester Equip. & Maintenance v Roxbury Mtn. Serv., Inc.*, 68 AD3d 1803, 1805 [2009], citing *Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]). On the merits of that defense, we reject respondents' contention that the proceeding was not timely commenced. "The statute of limitations is an affirmative defense which must be pleaded and proved by the party invoking it" (*Paladino v Time Warner Cable of N.Y. City*, 16 AD3d 646, 647 [2005]; *see Mendez v Steen Trucking*, 254 AD2d 715, 716 [1998]), and respondents failed to establish that the proceeding was commenced more than four months after petitioner received notice that her application was denied (*see* CPLR 217 [1]; *cf. Matter of Raymond v Walsh*, 63 AD3d 1715 [2009], *appeal dismissed and lv denied* 14 NY3d 790 [2010]).

All concur except Carni, J., who dissents and votes to reverse in accordance with the following memorandum.

Carni, J. (dissenting). I respectfully disagree with the conclusion of my colleagues that Supreme Court properly granted petitioner's application for General Municipal Law § 207-c benefits. Therefore, I dissent. I conclude that, on the record before us, there is an issue of fact as to when petitioner was first informed of the determination denying her application for General Municipal Law § 207-c benefits, and the resolution of that issue of fact is essential to determining the merits of respondents' statute of limitations defense (*see* CPLR 217 [1]). Respondents submitted the affidavit of petitioner's supervisor at the Monroe County Sheriff's Department, who averred that, on July 10, 2008, he personally advised petitioner that her application had been "denied." Petitioner, however, asserted in an affidavit that she was not told that she was being denied benefits until "on or about" October 2, 2008. It is well settled that " 'oral notification [of a determination] is sufficient to commence the running of the statute of limitations where, as here, petitioner is adversely impacted and aggrieved' " (*Matter of Feldman v New York State Teachers' Retirement Sys.*, 14 AD3d 769, 770 [2005]; *see Matter of Bargstedt v Cornell Univ.*, 304 AD2d 1035, 1036-1037 [2003]). Therefore, I would reverse the judgment and remit the matter to Supreme Court for a fact-finding hearing on that issue. Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.