■ In the Matter of CITY OF MIDDLETOWN, Respondent, v CITY OF MIDDLETOWN POLICE BENEVOLENT ASSOCIATION et al., Appellants. [917 NYS2d 389]—

Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 2, 2010 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to partially annul a determination of respondent Public Employment Relations Board.

Petitioner and respondent City of Middletown Police Benevolent Association (hereinafter PBA) were parties to a collective bargaining agreement that expired in December 2006. When the parties reached an impasse in their negotiations for a new agreement, the PBA submitted to respondent Public Employment Relations Board (hereinafter PERB) a petition for compulsory interest arbitration of several subjects, including a disciplinary procedure proposal, a bill of rights proposal and a proposal concerning procedure under General Municipal Law § 207-c. Petitioner thereafter filed an improper practice charge with PERB claiming, among other things, that the demands submitted by the PBA were not mandatory subjects of negotiation. The PBA submitted an answer and the issues were submit-

ted to an Administrative Law Judge (hereinafter ALJ) for determination.

As relevant here, the ALJ determined that the disciplinary procedure and bill of rights proposals were prohibited subjects of bargaining. Both parties filed exceptions with PERB, which modified the ALJ's decision. Specifically, PERB agreed with the ALJ's determination that the proposals for a bill of rights and disciplinary procedure—both of which involve police disciplinary matters—are prohibited subjects of negotiations, but created an exception from this general prohibition of collective bargaining for honorably discharged veterans and volunteer firefighters.

Petitioner thereafter commenced this CPLR article 78 proceeding challenging only that portion of PERB's decision which found that the bill of rights and disciplinary procedure proposals are mandatory subjects of negotiations for volunteer firefighters and honorably discharged veterans. Concluding that collective bargaining over police disciplinary matters was prohibited, without exception, Supreme Court found that PERB's decision was affected by an error of law and granted the petition. Respondents appeal, and we affirm.

The Taylor Law (*see* Civil Service Law § 200 *et seq.*) requires public employers to collectively bargain over terms and conditions of employment (*see Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc.*, 14 NY3d 46, 57 [2009]). Although strong state public policy favors collective bargaining (*see id.*; *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73, 79 [2000]; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 778 [1976]), there exists a "competing policy . . . favoring strong disciplinary authority for those in charge of police forces" (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563, 571 [2006]). Where "legislation specifically commits police discipline to the discretion of local officials . . . the policy favoring [local] control over the police prevails, and collective bargaining over disciplinary matters is prohibited" (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d at 571-572 [citation omitted]; *see Police Benevolent Assn. of N.Y. State Troopers, Inc. v Division of N.Y. State Police*, 11 NY3d 96, 102 [2008]). Furthermore, inasmuch as the issue here concerns the relative weight to be given to competing policies, rather than the application of the Taylor Law to particular facts, no deference is accorded to PERB's determination (*see Matter of Patrolmen's Benevolent Assn. of City*

*of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d at 575).

Here, the Middletown City Charter was enacted in 1902 and amended by the Legislature in 1942 to create a five-person Board of Police Commissioners (L 1942, ch 339). The Charter, as amended, grants the Board of Police Commissioners the power to "enact, modify and repeal orders, rules and regulations for the . . . discipline of the police department" and "[t]o punish . . . any police officer of the city" (Middletown City Charter § 129 [7], [8]). It also vests in the Board of Police Commissioners the power to compel testimony as part of investigations into "all matters pertaining to the police force" and "[t]o perform such other powers and duties incident to the police department of the city of Middletown and the members of the police force," as may be lawfully prescribed (Middletown City Charter § 129 [9], [10]). As correctly determined by PERB, these enactments "state the policy favoring management authority over police disciplinary matters in clear terms" and "express a policy so important that the policy favoring collective bargaining should give way" (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d at 576; *accord Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc.*, 14 NY3d at 58; *see Matter of City of New York v MacDonald*, 201 AD2d 258, 259 [1994], *lv denied* 83 NY2d 759 [1994]).*

Nonetheless, PERB found that such prohibition against collective bargaining does not apply to honorably discharged veterans and volunteer firefighters. We agree with Supreme Court that PERB's determination in this regard was affected by an error of law and, therefore, cannot be upheld (*see* CPLR 7803 [3]; *Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.*, 48 NY2d 398, 404 [1979]). PERB's reliance on case law holding that the special protections granted to honorably discharged veterans and volunteer firefighters under Civil Service Law former § 22 trump police disciplinary procedures set forth in a local charter (*see e.g. Matter of Morris v Neider*, 259 App Div 49, 52-53 [1940]; *Matter of Eisle v Woodin*, 205 App Div 452, 453 [1923], *affd* 238 NY 551 [1924]) was misplaced. Those cases preceded the enactment of

---

* Where Civil Service Law §§ 75 and 76—the general provisions governing discipline of public employees—apply, police discipline may be the subject of collective bargaining (*see Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d at 573). However, Middletown City Charter § 129 was grandfathered pursuant to Civil Service Law § 76 (4) (*see id.*).

Civil Service Law § 76 (4), which provides that Civil Service Law §§ 75 and 76—which set forth disciplinary procedures applicable to public employees generally as well as those applicable to honorably discharged veterans and volunteer firefighters specifically—shall not "be construed to repeal or modify" preexisting laws. Thus, like the provisions of Civil Service Law §§ 75 and 76 dealing with police discipline generally (*see* footnote at 1240), the disciplinary procedures applicable to honorably discharged veterans and volunteer firefighters in Civil Service Law § 75 (1) (b) postdate the Middletown City Charter provisions at issue and, therefore, Civil Service Law § 76 (4) serves to preserve those provisions of the Charter. Respondents have not proffered any persuasive reason why the policy favoring local control over police discipline should not apply equally to all members of petitioner's police force, and *Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.* (*supra*) contains no exceptions to its broad and general applicability, although the same exclusions sought here could have applied in that case. Nor is there any basis to conclude that the policy favoring collective bargaining for honorably discharged veterans and volunteer firefighters outweighs the policy granting local control over police discipline (*see generally Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d at 573-576). For these reasons, we conclude that the discipline of petitioner's police force, including honorably discharged veterans and volunteer firefighters, is not a permissible subject of collective bargaining.

The parties' remaining contentions have been reviewed and found to be lacking in merit or rendered academic by our determination.

Lahtinen, McCarthy and Garry, JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 2010 NY Slip Op 30388(U).]**