■ In the Matter of CITY OF SCHENECTADY, Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [24 NYS3d 784]—

Rose, J. Appeal from a judgment of the Supreme Court (Mc-Grath, J.), entered August 14, 2014 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board finding that petitioner's police disciplinary procedures were a mandatory subject of collective bargaining.

Petitioner announced that it would no longer follow the negotiated police disciplinary procedures culminating in the right of appeal to a neutral arbitrator as set forth in its collective bargaining agreement with respondent Schenectady Police Benevolent Association (hereinafter PBA). Instead, petitioner unilaterally adopted the disciplinary procedures placing such determinations in the sole discretion of its Public Safety Commissioner, as provided by Second Class Cities Law article 9. The PBA then filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB). As relevant here, the charge alleged that petitioner violated Civil Service Law § 209-a (1) (d) of the Public Employees' Fair Employment Act (see Civil Service Law art 14 [hereinafter the Taylor Law]).

Following a hearing, an Administrative Law Judge sustained the PBA's charge, finding that, under the Taylor Law, police disciplinary procedures must be the product of collective bargaining, and that the Taylor Law superseded the provisions of the Second Class Cities Law upon which petitioner had relied in unilaterally adopting that statute's police disciplinary procedures. Upon review, PERB affirmed the Administrative Law Judge's decision, and petitioner then commenced this CPLR article 78 proceeding challenging PERB's affirmance. Supreme Court confirmed PERB's determination and dismissed the petition. Petitioner now appeals.

Petitioner argues that Supreme Court erred by agreeing with PERB that the enactment of the Taylor Law superseded Second Class Cities Law article 9. While this is a question of pure statutory construction and it is not dependent upon any special competence of PERB (see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 8 NY3d 226, 231 [2007]; Matter of Rosen v Public Empl. Relations Bd., 72 NY2d 42, 47-48 [1988]), our own reading of the statutes at issue here leads us to agree with Supreme Court that PERB's construction of the Second Class Cities Law, as it relates to the Taylor Law, is correct.

We start by observing that the Taylor Law mandates that disciplinary procedures for all public employees be the subject of good faith collective bargaining (*see Binghamton Civ. Serv. Forum v City of Binghamton*, 44 NY2d 23, 28 [1978]; *Matter of City of Mount Vernon v Cuevas*, 289 AD2d 674, 674-675 [2001], *lv denied* 97 NY2d 613 [2002]; *see also* Civil Service Law § 204 [1]). "[Courts] have long recognized the 'strong and sweeping policy of the State to support collective bargaining under the Taylor Law'" (*Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc.*, 14 NY3d 46, 57-58 [2009], quoting *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 778 [1976]). Indeed, "the presumption is that all terms and conditions of employment are subject to mandatory bargaining" (*Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73, 79 [2000]). However, because of the "competing policy . . . favoring strong disciplinary authority for those in charge of police forces[,] [w]here legislation specifically commits police discipline to the discretion of local officials," the policy favoring collective bargaining will give way to the legislatively established disciplinary procedures (*Matter of City of Middletown v City of Middletown Police Benevolent Assn.*, 81 AD3d 1238, 1239 [2011] [internal quotation marks and citations omitted]; *see Police Benevolent Assn. of N.Y. State Troopers, Inc. v Division of N.Y. State Police*, 11 NY3d 96, 102 [2008]).

It is undisputed here that Second Class Cities Law article 9, which was enacted prior to the Taylor Law, expressly commits police discipline to the discretion of petitioner's Public Safety Commissioner. However, Second Class Cities Law § 4 states that a provision of this statute—such as article 9 containing its police disciplinary procedures—shall apply only "until such provision is superseded pursuant to the municipal home rule law, was superseded pursuant to the former city home rule law or is or was otherwise changed, repealed or superseded pursuant to law."

As PERB aptly noted in its decision, the foregoing language reveals "a statutorily planned obsolescence for [the Second Class Cities Law] resulting from subsequent enactment of state or local legislation" (46 PERB ¶ 3025 [2013]). Put differently, the clear and unambiguous language of Second Class Cities Law § 4 provides the best evidence that the Legislature intended to allow any or all of the provisions of the Second Class Cities Law to be supplanted by later laws applicable to the same subject matter (*see Matter of Liberius v New York City Health & Hosps. Corp.*, 129 AD3d 1170, 1171 [2015]; *Mat-*

ter of Retired Pub. Empls. Assn., Inc. v Cuomo, 123 AD3d 92, 94 [2014]). Accordingly, we conclude that Second Class Cities Law article 9 does not require "that the policy favoring collective bargaining should give way" (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563, 576 [2006]; *accord Matter of City of Middletown v City of Middletown Police Benevolent Assn.*, 81 AD3d at 1240).

Nor do we read the holdings in *Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd. (supra)* and *Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. (Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836)* (19 NY3d 1066 [2012]) to require reversal of Supreme Court's judgment. In each of those cases, the Court of Appeals confined its analysis to the specific language of the statutes at issue, none of which included a broad supersession provision such as the one confronting us in Second Class Cities Law § 4 (*see Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. [Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836]*, 19 NY3d at 1068-1069; *Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d at 573-574, 576). In light of this clear distinction, we cannot conclude that either of these cases controls the outcome of this appeal.

Lahtinen, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.