Matter of Moran-Ruiz v Ontario County (2023 NY Slip Op 04062)

Matter of Moran-Ruiz v Ontario County

2023 NY Slip Op 04062

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

539 CA 22-01744

[*1]IN THE MATTER OF PENNY MORAN-RUIZ, PETITIONER-PLAINTIFF-APPELLANT,
v
ONTARIO COUNTY AND ONTARIO COUNTY SHERIFF PHILIP POVERO, RESPONDENTS-DEFENDANTS-RESPONDENTS. 

TREVETT CRISTO P.C., ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA (JOSEPH S. NACCA OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Vincent M. Dinolfo, J.), entered October 13, 2022, in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents-defendants to dismiss in part the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) has been employed by respondents-defendants (respondents) since 2001 as a correction officer. Unbeknownst to respondents, in 2018, petitioner's doctor prescribed her medical marijuana. In late 2021, petitioner went on disability leave from work, during which time respondents received petitioner's medical records and learned about her marijuana use. Although petitioner had been cleared to return to work from her disability leave, respondents did not allow her to return based solely on her use of medical marijuana and directed that she either use annual leave or take unpaid time until she had a verified negative drug test and had been evaluated by a substance abuse professional. Respondents supported that decision by invoking a provision of the applicable collective bargaining agreement (CBA) between respondents and petitioner's union, which strictly prohibited the use of, inter alia, marijuana—even when medically prescribed. That provision of the CBA was derived from the drug policy promulgated by the federal Department of Transportation (see generally 49 CFR 40.151). Ultimately, petitioner ceased using medical marijuana and was permitted by respondents to return to work.
Petitioner thereafter commenced this hybrid proceeding-action seeking money damages based on having been placed in a no pay status, and a judgment, inter alia, annulling respondents' determination to place petitioner on unpaid leave due to her prescribed use of medical marijuana. Petitioner seeks relief under CPLR article 78 upon allegations that respondents violated Civil Service Law §§ 72 and 75, and her right to due process when they placed her on unpaid leave. In addition to her requests for relief under CPLR article 78, petitioner asserted several causes of action, including two causes of action based on allegations that respondents unlawfully discriminated against her pursuant to Executive Law § 296 and Civil Rights Law § 40-c on the basis of a disability—i.e., her lawful use of medical marijuana (see Cannabis Law § 42 [2]). She now appeals from a judgment granting respondents' motion to dismiss the petition-complaint with respect to the requests for relief under CPLR article 78 and the causes of action based on Executive Law § 296 and Civil Rights Law § 40-c (see CPLR 3211, 7804 [f]). We affirm.
Initially, we reject petitioner's contention that Supreme Court erred in granting the [*2]motion to dismiss with respect to the requests for relief based on allegations that respondents violated the Civil Service Law and petitioner's right to due process (see generally CPLR 7804 [f]). It is well settled that "terms of employment, so long as statutes or public policy do not forbid their negotiations, can be negotiated in collective bargaining" (Police Benevolent Assn. of N.Y. State Troopers, Inc. v Division of N.Y. State Police, 11 NY3d 96, 102 [2008]). Indeed, even "statutory and due process rights may . . . be surrendered during collective bargaining" (id. at 103; see Matter of Raymond v Walsh, 63 AD3d 1715, 1715 [4th Dept 2009], appeal dismissed & lv denied 14 NY3d 790; Matter of Fortune v State of N.Y., Div. of State Police, 293 AD2d 154, 158 [3d Dept 2002]). Here, we conclude that, under the CBA, petitioner surrendered the due process rights on which she relies in support of the petition-complaint—including the protections of Civil Service Law §§ 72 and 75. The CBA here expressly states that the drug policy was a condition of employment, and petitioner fails to identify any statutes that forbid collective bargaining with respect to a workplace drug and alcohol policy. Also supporting this conclusion, we note that the CBA expressly states that the grievance procedure contained therein shall apply to all "alleged violation[s] of the expressed terms of [the CBA]." It is undisputed that petitioner did not avail herself of the CBA's grievance procedure concerning respondents' initial determination. In short, by entering into the CBA through her union, petitioner agreed to follow the grievance procedure contained in that agreement, and to forego the protections of the Civil Service Law on which she now relies (see generally Police Benevolent Assn. of N.Y. State Troopers, Inc., 11 NY3d at 102-103; Raymond, 63 AD3d at 1715). Thus, the court properly granted respondents' motion to dismiss the petition-complaint to the extent that it sought relief under CPLR article 78.
We further conclude that the court properly granted the motion to dismiss with respect to petitioner's discrimination causes of action—i.e., the causes of action asserted pursuant to Executive Law § 296 and Civil Rights Law § 40-c. Cannabis Law § 42 (2) states, in relevant part, that "[b]eing a certified patient [for medical marijuana purposes] shall be deemed to be having a 'disability' under[, inter alia, Executive Law § 296 and Civil Rights Law § 40-c]." Cannabis Law § 127 (4) provides that "[a]n employer shall adhere to policies regarding cannabis use in accordance with" Labor Law § 201-d. In turn, that section provides, in relevant part that "[u]nless otherwise provided by law, it shall be unlawful for any employer . . . to discharge from employment or otherwise discriminate against an individual . . . because of . . . an individual's legal use of . . . cannabis in accordance with state law, prior to the beginning or after the conclusion of the employee's work hours, and off of the employer's premises and without use of the employer's equipment or other property" (§ 201-d [2] [b]).
Nonetheless, as an exemption, the Labor Law provides that "an employer shall not be in violation of this section where the employer takes action based on the belief either that . . . the employer's actions were required by statute, regulation, ordinance or other governmental mandate, . . . [or] the employer's actions were permissible pursuant to an established substance abuse or alcohol program or workplace policy, professional contract or collective bargaining agreement" (Labor Law § 201-d [4] [emphasis added]). Here, we conclude that petitioner has failed to state a disability discrimination cause of action under Executive Law § 296 or Civil Rights Law § 40-c arising from her lawful use of medical marijuana, inasmuch as respondents placed her on leave pursuant to the CBA's drug policy, which expressly precluded petitioner's use of marijuana for any reason (see Labor Law § 201-d [4]). Respondents' challenged actions in applying the terms of the CBA and placing petitioner on leave due to her use of medical marijuana were not discriminatory under Executive Law § 296 and Civil Rights Law § 40 because actions in accordance with a CBA are specifically exempted by statute. We reject petitioner's contention that the exemption for drug policies contained in CBAs—i.e., Labor Law § 201-d (4)—does not apply here because it was effectively superseded by the exemption contained in Labor Law § 201-d (4-a), which contains language more specifically tailored to cannabis use. We conclude that the exemption contained in Labor Law § 201-d (4-a) does not conflict with the exemption contained in Labor Law § 201-d (4) and merely provides an additional basis for an employer to justify actions that would otherwise be discriminatory.
We have reviewed petitioner's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court